## In re VARAT.
### No. 168604.

District Court, E. D. New York.
Nov. 1, 1932.

Thomas S. Griffing, District Director of Naturalization.

### MOSCOWITZ, District Judge.

The petitioner, Ida Varat, was born in Russia on June 4, 1899. She emigrated to the United States, arriving at the port of New York on December 1, 1904. Her father, Aaron Applebaum, was naturalized as a citizen of the United States in the Supreme Court of New York county, New York, N. Y., on June 23, 1904, and petitioner acquired American citizenship by such naturalization.

On January 27, 1920, petitioner was married to Jacob Varat, then an alien. Such marriage has never been terminated. Jacob Varat was naturalized on August 20, 1928.

On June 27, 1932, Ida Varat filed a petition for naturalization in this court under the provisions of the Act of September 22, 1922, §§ 3, 4, as amended July 3, 1930, §§ 1, 2 (a) (8 USCA § 9 and note, and § 369). As a basis for said petition, she alleged that she had expatriated herself as an American citizen by her marriage to an alien on January 27, 1920.

On June 28, 1932, said petition came on for final hearing, and on motion of the naturalization examiner, the petition was denied upon the ground that the petitioner did not lose citizenship through her marriage to an alien on January 27, 1920, while the United States was in a state of war. At that time, the examiner was informed by the court that there was considerable doubt as to the correctness of the ruling, but due to the fact that the petitioner expected to sail for Europe, the court would deny the petition on the ground stated, and reconsider the disposition made at some later time.

The state department refused petitioner a passport on the ground that she was not a citizen, whereupon, on motion of petitioner on June 30, 1932, an order was entered vacating the order of June 28, 1932. A hearing was had and petitioner admitted to citizenship, the court stating that, if upon further consideration, said action should be deemed improper, the order of June 30, 1932, admitting petitioner to citizenship would be set aside and petition denied.

The sole question for determination is whether or not petitioner expatriated herself by her marriage to an alien on January 27, 1920.

The expatriation act of March 2, 1907, § 2 (8 USCA § 16), provides that "No American citizen shall be allowed to expatriate himself when the country is at war."

Section 3 of the same act (34 Stat. 1228) provides "that any American woman who marries a foreigner shall take the nationality of her husband. At the termination of the marital relation she may resume her American citizenship, if abroad, by registering as an American citizen within one year with a consul of the United States, or by returning to reside in the United States, or, if residing in the United States at the termination of the marital relation, by continuing to reside therein." This section repealed by section 7, act of September 22, 1922, 42 Stat. 1022 [see 8 USCA § 9]).

From the provisions of the aforesaid act, section 3, it was clearly the intention of Congress to make the marital state rather than the act of marriage a ground for expatriation, since the provisions of the act prior to the passage of the Act of September 22, 1922, automatically restores American citizenship to an expatriate by marriage at the termination of the marital relation if she is residing in the United States.

The provisions of section 2 that no American citizen shall be allowed to expatriate himself while this country is at war ceased to apply at the formal termination of the war in 1921, and, since the petitioner continued as the wife of an alien husband subsequent to this date, the only logical conclusion to be drawn is that she lost her status as an American citizen with the termination of the war.

The order of June 30, 1932, admitting the petitioner to citizenship, will not be disturbed.