**In re McINTOSH.**

**No. 664.**

District Court, W. D. Washington, N. D.

Oct. 1, 1935.

George W. Tyler, of Seattle, Wash., Acting District Director of Immigration and Naturalization.

NETERER, District Judge.

The petitioner, an alien, a resident of the United States since 1890, declared his intention to become a citizen in the state of Wisconsin, November 1, 1892, and moved to Whatcom county, Wash., in 1905, and has since resided there. He made his second declaration November 1, 1932, and two years thereafter, as soon as permitted by the law, filed his petition for admission as a citizen.

His testimony discloses that the inspiration for citizenship is to qualify for old-age pension. Under such circumstances, length of residence and incident good reputation is not a determining factor for assumption of duties entailed and franchise conferred by the United States in conferring pensions for life, and is not warranted by the spirit of the Constitution, but is antagonistic to the general welfare and peace of mind of our citizenry, and negatives attachment to the Constitution. In re Sigelman (D. C.) 268 F. 217. Citizenship is a grave affair, and must be assumed with a conscious dedication of life to the spirit and strength of the nation within the principles of the Constitution, and not be inspired by expected largesse from a state or the nation. Citizens are members of a community inspired to a common goal, who, in their associated relations, submit themselves to rules of conduct for the promotion of the general welfare and conservation of individual as well as collective rights. United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588. And implies mutual, beneficial relations. Luria v. United States, 231 U. S. 9, 23, 34 S. Ct. 10, 58 L. Ed. 101. None but aliens belonging to the Caucasian and African races are eligible to citizenship, and all aliens must show, among other requirements, attachment to the principles of the Constitution of the United States and that they are worthy recipients of the privileges to be derived from citizenship and safe depositories of the benefits and powers the Constitution confers.

The franchise of citizenship under our Constitution is the greatest political privilege that can be conferred upon an alien. The Constitution distributes governmental power and privilege conceived most conducive to public security and the right bal-

178

ance between the general welfare and securing the liberty of all citizens of the United States, along with economic security to all citizens and the posterity of all citizens, and requires active support and unswerving fidelity.

The high privileges extended by the Constitution require and must inspire in the applicant obligations of allegiance and service, and financial support to the body politic by way of taxation. Amy v. Smith, 11 Ky. (1 Litt.) 326; State v. Fairlamb, 121 Mo. 137, 151, 25 S. W. 895. The Constitution is a lucid, concise, definite expression of the highest law of the United States, and requisites for citizenship are clearly set out by the law.

The citizen must dedicate his life, not only in theory but in habitual practice, to the service in support and defense of the Constitution, and, in return, is protected in life, liberty, and the pursuit of happiness; liberty to enjoy honest labor, freedom in honest endeavor in improved conditions related to other employments for separate benefit from economic gains and related enterprise for the common good, in maintenance of the economic political system, tempered by social conscience to conserve life and to promote the common good. The inspiration for citizenship must be love of country prompted by allegiance to its principles, for the Constitution is the strength and safety of the nation and foundation to the general welfare. See Webb v. O'Brien, 263 U. S. 313, 44 S. Ct. 112, 68 L. Ed. 318. Notice must be taken by the court of the dual form of government—state and nation.

The Congress has exclusive jurisdiction over immigration and naturalization; yet each state, in the absence of a treaty, has a right to limit to aliens privileges within its borders. Terrace v. Thompson, 263 U. S. 197, 217, 44 S. Ct. 15, 68 L. Ed. 255.

The object of citizenship of this applicant is to secure old-age pension provided by the laws of the state and/or the nation. This purpose does not add directly to the safety or strength of a state or of the nation. It does not show attachment to the Constitution of the United States. The Commissioner of Immigration and Naturalization recently reported at a joint session of the Senate and House Congressional Committee on Immigration and Naturalization that the resident aliens are 4,922,000. It is a reasonable assumption that many of such aliens who are, by reason of age, eligible to such pension, may be inspired to seek citizenship, as the applicant here. Applications for naturalization, the court knows, have largely increased since pension legislation agitation. Love of country, and attachment to the principles of the Constitution, are incidental. Admission prompted by desire for pension is in derogation of the general welfare, since it would place upon the taxpayers of the state and nation, whose pension is limited to citizens, a citizen whose purpose is bounty (which negatives attachment to the Constitution) and thereby directly affects the general welfare by affecting the strength and safety of the state or of the nation, and the peace and happiness of the same. Such persons instantly become a liability instead of an asset, are enrolled as a creditor of the nation and/or state, entitled to a bounty to be paid by the taxpaying citizen, against their individual and collective rights, disturbing the happiness and peace of mind of such citizens.

It is conceivable that citizenship by such motive, prompted by personal interest, if granted, the elective franchise, in many instances, would add to legislative blocks for private gain rather than for the common good, and impregnate the foundation of the state or nation with destructive elements, and make the political structures tottering, crumbling powers.

Belief in our constitutional government and attachment to the principles of the Constitution is the vital necessity for citizenship, and this must be written in "letters of living light" on the mind and impressed on the conscience of every alien seeking citizenship.

The application must be, and is, denied.