## In re HOFFMANN.

District Court, S. D. California, Central Division.
Feb. 20, 1936.

Homer B. Terrill, of Los Angeles, Cal., for Naturalization Service.

COSGRAVE, District Judge.

Adelheid Hoffmann's petition for naturalization was denied at the hearing for reasons given from the bench. The immigration and naturalization service have suggested that the court give written expression to its views.

Petitioner was born in Germany in 1871, entered the United States in 1900, and was naturalized by the United States District Court in New York in 1908. In 1920 she married John Hoffmann, an alien, thereby losing the citizenship gained in 1908 (Act of March 2, 1907, § 3, 34 Stat. 1228, see 8 U.S.C.A. § 9). Her husband died in 1931. In August, 1935, she petitions to regain her citizenship under proceedings applicable to her situation. (8 U.S.C. §§ 368, 369 [8 U.S.C.A. §§ 368, 369]).

It was shown at the hearing that petitioner became a public charge in February 1932, and has remained such. She appeared in the courtroom in a wheel chair, with an attendant.

It is uniformly held that the right of citizenship is not an inherent right, but a privilege extended by the sovereign power. It is founded upon reciprocal relations, protection to the subject and allegiance to the sovereign. Allegiance may involve many duties, but it assumes a condition on the part of the subject that will make their rendition possible. It is not conceivable that the sovereign agrees to extend protection with the certainty that the applicant's condition makes impossible the performance of many of them.

In Luria v. United States, 231 U.S. 9, 23, 34 S.Ct. 10, 13, 58 L.Ed. 101, naturalization was canceled because of fraud on the part of the applicant in that he did not at the time citizenship was granted have a bona fide intention of residing in the United States. The court says: "These requirements [conditions necessary to naturalization] plainly contemplated that the applicant, if admitted, should be a citizen in fact as well as in name,—that he should assume and bear the obligations and duties of that status as well as enjoy its rights and privileges. In other words, it was contemplated that his admission should be mutually beneficial to the government and himself."

To the same effect, United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73

L.Ed. 889. Judge Neterer of the Western District of Washington in a case somewhat analagous, says (In re McIntosh (D. C.) 12 F.Supp. 177): "Citizenship is a grave affair, and must be assumed with a conscious dedication of life to the spirit and strength of the nation within the principles of the Constitution, and not be inspired by expected largesse from a state or the nation. Citizens are members of a community inspired to a common goal, who, in their associated relations, submit themselves to rules of conduct for the promotion of the general welfare and conservation of individual as well as collective rights."

The immigration laws deny entry into the United States to all persons likely to become public charges (8 U.S.C. § 136, subds. b and i [8 U.S.C.A. § 136 (b, i)]).

Petitioner has been supported as a public charge for several years, and the community does not even now deny this humane duty to the helpless. Citizenship, however, involves other considerations and should be denied where the petitioner's condition renders full performance of his reciprocal obligation impossible.

█ For these reasons, the petition is denied.

Exception to petitioner.