**Petition of PETERSON.**

No. 1889.

District Court, E. D. Washington,
at Yakima.

June 22, 1940.

Edgar R. Bonsall, U. S. Naturalization Examiner, of Spokane, Wash., amicus curiæ.

NETERER, District Judge.

Petitioner states that she was born September 14, 1892, at Fosston, Minnesota; that on March 11, 1920, she married Clarence A. Peterson, a citizen of Great Britain being naturalized in Canada in 1913; that following her marriage she resided with her husband in the Dominion of Canada until November 8, 1927, at which time she entered the United States through the port of Opheim, Montana, and has since continuously resided in the United States, and is now, and has been, residing with her husband in Yakima County, State of Washington, since February 8, 1937. She filed her petition for citizenship and in due course, on May 6, 1940, she appeared with her witnesses before a designated Naturalization Examiner, and all were examined, and proved her to be qualified, if alien, for citizenship.

The matter came before the Court on the 8th day of May, 1940, for final hearing, at which time the Examiner objected to her admission "solely" on the "question of alienage," that being a citizen she could not expatriate herself by reason of Sec. 2 of the Act of March 2, 1907, 8 U.S.C.A. § 16, the United States being at war from April 6, 1917, to July 2, 1921, by marrying an alien on March 11, 1920, or otherwise.

Sec. 3 of the Act of March 2, 1907, 34 Stat. 1228, 1229 (Tit. 8, Sec. 9, U.S.C.A.) provides that: "Any American woman, who marries a foreigner, shall take the na-

tionality of her husband * * *" Sec. 2 of the same Act reads that: "any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign state in conformity with its laws, or when he has taken an oath of allegiance to any foreign State. * * *" 34 Stat. 1229, 8 U.S.C.A. § 17. And further provides that: "no American citizen shall be allowed to expatriate himself when this country is at war." 34 Stat. 1228, 8 U.S.C.A. § 16.

Did marriage during the war, and residence abroad with the alien husband, six years, and 13 years in the United States expatriate petitioner?

Marriage at its inception is a civil contract requiring free and intelligent consent of the parties agreeable to the laws of the State where consummated, but after marriage it becomes a relation, and is regulated and governed by local law. The Congress of the United States however, has full power to fix rules, and time for, or prohibit, expatriation. It has also power to fix qualifications for citizenship, or to prohibit naturalization of aliens.

The high privilege of citizenship must inspire obligations of allegiance and service, and economic support of the body politic. This Court in Re McIntosh, 12 F.Supp. 177, 178, said: "the citizen must dedicate his life, not only in theory but in habitual practice, to the service in support and defense of the Constitution, and, in return, is protected in life, liberty, and the pursuit of happiness; liberty to enjoy honest labor, freedom in honest endeavor in improved conditions related to other employments for separate benefit from economic gains and related enterprise for the common good, in maintenance of the economic political system, tempered by social conscience to conserve life and to promote the common good. The inspiration for citizenship must be love of country prompted by allegiance to its principles, for the Constitution is the strength and safety of the nation and foundation to the general welfare." The Government may in periods of distress decline to permit resignation of the obligations of citizenship. Sec. 2 supra in the relation in which it is employed obviously intended to make the marital state, and not the act of marriage, a bar to expatriation. The power of the Act was expended, and its force exhausted when the war ended Sept. 2nd, 1921. The applicant could not claim exemption from the obligation of citizenship during the war, but when the war was ended Sept. 2, 1921,* and the applicant continued to reside alien with her alien husband, the bar was automatically removed and the privilege of citizenship was with-drawn, and expatriation was complete. The petitioner by her application confesses to change, and to transfer of her allegiance to an alien sovereign. The applicant is an alien. She must dedicate, by the oath of allegiance, her life to the support of the laws and constitution of the United States. In re Varat, D.C., 1 F.Supp. 898 concludes the same.

The objection is overruled and the motion to dismiss is denied.

