**Application of YUEN LOO WONG.**
**No. 7953.**

District Court, Hawaii.
Sept. 10, 1947.

No appearance for applicant.

John J. Kelleher, for Immigration and Naturalization Service.

McLAUGHLIN, Judge.

Heretofore in 1931 upon Petition No. 1917 this identical applicant, then known as Loo Yuen Wong, was denied citizenship. Her petition was denied because though she married an alien then ineligible to citizenship on November 12, 1918, the Court held upon the authority of its holding in Petition No. 1713, In Re Anna Kauakahilau Hunt, that the existence upon the date of her marriage of a state of war prevented her expatriation and she consequently retained her native status then and even after the official termination of World War I, Act of Mar. 2, 1907, 34 Stat.1228.

Now in 1947 petitioner seeks again to be naturalized. The petitioner at all times has been and remains married to the same person and the question is whether or not she is an alien eligible for naturalization.

In reliance upon the reasoning in Petition of Peterson, D.C.E.D.Wash.1940, 33 F.Supp. 615, I believe petitioner is an alien and eligible for naturalization. As held by the late Judge Neterer in the similar case above cited, 33 F.Supp. at page 616:

"* * * The Government may in periods of distress decline to permit resignation of the obligations of citizenship. Sec. 2 supra [8 U.S.C.A. § 17] in the relation in which it is employed obviously intended to make the marital state, and not the act of marriage, a bar to expatriation. The power of the Act was expended, and its force exhausted when the war ended Sept. 2nd, 1921. The applicant could not claim exemption from the obligation of citizenship during the war, but when the war was ended Sept. 2, 1921, and the applicant continued to reside alien with her alien husband, the bar was automatically removed and the privilege of citizenship was withdrawn, and expatriation was complete. The petitioner by her application confesses to change, and to transfer of her allegiance to an alien sovereign. The applicant is an alien. She must dedicate, by the oath of allegiance, her life to the support of the laws and constitution of the United States. In re Varat, D.C., 1 F.Supp. 898 concludes the same."

Such was the state of the law prior to the Nationality Act of 1940 as amended, 8 U.S.C.A. §§ 501, 800, and it governs the facts involved in this petition.

Prior rulings of this Court upon the effect of the wartime clause in the Act of March 2, 1907, are set aside insofar as inconsistent herewith but adhered to is the recent ruling that the Act of June 25, 1936, 49 Stat.1917, did not make a person situated as was the petitioner a citizen automatically, and it now having been repealed, persons who failed to utilize the 1936 Act while it was law must now come into court as aliens. See In re Shee Mui Chong Yuen's Repatriation, D.C., 73 F.Supp. 12.