**In re Naturalization of SERLIN.**

**No. 31092.**

District Court, E. D. Missouri, E. D.

May 2, 1941.

Irwin Sale, of St. Louis, Mo., for petitioner.

Chester A. Ramsey, Divisional Director, and Walter L. Wolf, Senior Naturalization Examiner, Immigration and Naturalization Service, both of St. Louis, Mo., for the Government.

DAVIS, District Judge.

The applicant filed a petition for naturalization under the Act of July 2, 1940, 8 U.S.C.A. § 731 note, without a declaration of intention. The fact is that he arrived in the United States under the age of 16 years, and hence came within the purview of the Act.

The question, then, is whether the Act of July 2, 1940, was repealed by the Nationality Act of October 14, 1940. 8 U. S.C.A. §§ 501–907.

The Nationality Act expressly repealed various other Acts relating to naturalization, but it did not in terms repeal the Act of July 2, 1940. This warrants the inference that the repeal of this statute was not intended.

If the repeal was effected, it was by implication. Such repeals are not favored. However, if the Nationality Act is clearly inconsistent with the Act of July, 1940, then the later statute should be construed as having repealed the earlier statute. If the two cannot stand together, the one later in time should prevail. In addition to this being the usual rule, the Nationality Act provides that Acts in conflict with its provisions are repealed. 8 U.S. C.A. § 904.

The Nationality Act of October, 1940, does in several instances relieve applicants for citizenship of the duty of filing declarations of intention. It carries no provision to the effect that such a declaration shall be required in every instance, except in the ones mentioned in that particular Act.

Therefore the Act of July, 1940, is not in conflict either in letter or purpose with

the Nationality Act. The two can at the same time be effective. The Court cannot say that the former Act has been repealed.

The prayer of the petition for naturalization is granted. The applicant may take the oath.