## In re SHEARER.

(District Court, E. D. Pennsylvania. January 20, 1908.)

### No. 382.

ALIENS—NATURALIZATION—MINOR CHILDREN OF DECEASED ALIEN — "ALIEN WHO HAS DECLARED HIS INTENTION."

The provision of the naturalization act of June 29, 1906, c. 3592, § 4, cl. 6, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 422], that "when any alien who has declared his intention to become a citizen of the United States dies before he is actually naturalized the widow and minor children of such alien may, by complying with the other provisions of this act, be naturalized without making any declaration of intention," is precisely the same in effect as Rev. St. § 2168 [U. S. Comp. St. 1901, p. 1332], which is repealed by the later act, and, being a re-enactment, the words "any alien who has declared his intention" must be construed to include persons who made their declarations under the old statute, and subsequently died, whose minor children may be naturalized under the new act without making any declaration of intention.

Petition for Naturalization.

William S. Gregg, Special Asst. U. S. Atty.

J. B. McPHERSON, District Judge. The petitioner, who is an alien subject of Great Britain, came to the United States in 1883, when he was less than two years old, and has resided here continuously since that time. His father declared his intention to become a citizen in 1889, but had not been naturalized when he died in 1893. At the death of his father the petitioner was still a minor, not quite 12 years of age, and, under section 2168 of the Revised Statutes [U. S. Comp. St. 1901, p. 1332], he succeeded to the benefit of his father's declaration. He did not become a citizen immediately, and ipso facto as he would have become, if the father had taken the final step to complete his own citizenship, but he was entitled to use the father's declaration with the same effect as if he himself had made it, and to become a full citizen, after his arrival at majority, by presenting the ordinary final petition

and taking the oaths prescribed by law. Section 2168 [1 U. S. Comp. St. 1901, p. 1332] is as follows:

"When any alien, who has complied with the first condition specified in section 2165" (that is, has declared his intention to become a citizen), "dies before he is actually naturalized, the widow and the children of such alien shall be considered as citizens of the United States, and shall be entitled to all rights and privileges as such, upon taking the oaths prescribed by law."

There is no dispute about the meaning of this section, so far at least as concerns the present controversy. It is agreed that its effect upon the petitioner's rights, as a minor alien, is correctly stated in the foregoing sentences of this opinion; and, therefore, when the minor reached his majority in December, 1902, he could have availed himself at once of the privilege offered by section 2168, and could have become a citizen by presenting a final petition; and taking the necessary oaths. He did not apply for citizenship, however, until May 2, 1907, when he filed a petition under the act of 1906, claiming the same right now under section 4, cl. 6, as could have been asserted in 1902 under section 2168. Act June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 422]. The government objects to the petition on the ground that the alien's right under section 2168 has been taken away by specific repeal (see section 26, Act 1906); and that no new right is given to the petitioner by clause 6 of section 4, because his father died before the passage of the act. It is said that this clause applies only to the case of an alien who shall die after the passage of the act, and that the petitioner must make his own declaration of intention, and wait two years before his final petition can be entertained. In my opinion this position is not sound. Clause 6 of section 4 [U. S. Comp. St. Supp. 1907, p. 422] is in these words:

"When any alien who has declared his intention to become a citizen of the United States dies before he is actually naturalized, the widow and minor children of such alien may, by complying with the other provisions of this act, be naturalized without making any declaration of intention."

The phrase "who has declared" will bear either of three constructions. It may mean "who shall hereafter declare," or "who has already declared," or "who has already declared, or shall hereafter declare." Unless it refers exclusively to the future, the government's objection cannot be sustained, and, as I have already indicated, it seems to me that the phrase should bear the broadest of the three possible meanings. In support of this view, it is to be noted that the effect of the clause is precisely the same as the effect of section 2168. The language differs in some particulars, but there is no essential difference in the meaning. When, therefore, clause 6 provides that "when any alien who has declared his intention, etc., dies before he is actually naturalized," his widow and minor children may be naturalized without previously declaring their own intention, it merely repeats, in exactly equivalent terms, what had theretofore been the law under section 2168. The act of 1906 was intended to codify the statutes relating to naturalization, making some changes and adding certain provisions; and the effect of the repeal of section 2168 by section 26 of the later statute, while its provisions were at the same time re-enacted

in section 4, was simply to continue the earlier law on this subject without a break. Upon familiar principles of statutory construction, the plain meaning of the words used in section 2168 is to be carried over to the same words thus deliberately adopted by Congress in the act of 1906; the result being, in my opinion, that the words "any alien who has declared his intention," etc., in the later act must be construed to include the same persons that were included in the words "any alien who has complied with the first condition," etc., in section 2168 of the Revised Statutes. Bear Lake Co. v. Garland, 164 U. S. 11, 12, 17 Sup. Ct. 7, 41 L. Ed. 327.

If this construction is correct, it follows that the petitioner's right under section 2168 to avail himself of his father's declaration of intention was not taken away by the act of 1906, but was preserved and continued by clause 6 of section 4, and that the present application should be granted. (I am authorized to say that Judge Holland, to whom a similar petition has been presented by another applicant, agrees with this opinion.)

The clerk will enter an order in accordance therewith.