## In re SCHMIDT.

(District Court, S. D. New York. February 5, 1908.)

ALIENS—NATURALIZATION—SON OF ALIEN PARENTS—DECLARATION OF INTENTION—STATUTES.

    Rev. St. § 2168 [U. S. Comp. St. 1901, p. 1332], provides that, when any alien who had complied with the first condition specified in section 2165 died before he had been actually naturalized, his children should be considered as citizens and entitled to all rights and privileges as such on taking the oath prescribed by law; section 2172 [page 1334] provided that the children of persons who had been duly naturalized, or who previous to the passing of any law on that subject by the United States had become citizens of any one of the states, being under 21 at the time of the naturalization of their parents, if dwelling in the United States, should be considered as citizens; and Naturalization Act June 29, 1906, § 4, subd. 6, 34 Stat. 596, c. 3592 [U. S. Comp. St. Supp. 1907, p. 422], declares that, when an alien who has declared his intention to become a

citizen dies before he is actually naturalized, the widow and minor children of such alien may by complying with the other provisions of the act be naturalized without making any declaration of intention. *Held,* that where petitioner's father declared his intention to become a citizen in 1895, when sections 2168, 2172, were in force, but died before he obtained his final papers, petitioner was entitled to naturalization on complying with the other provisions of the law, without making a declaration of intention.

Hugh Govern, Jr., Asst. U. S. Atty., for the United States.

ADAMS, District Judge. On the 5th day of August, 1907, the petitioner made an application to be admitted to citizenship in the United States. He alleged, inter alia:

"My father declared his intention to become a citizen of the United States on the 3rd day of June, anno Domini 1895. He died at N. Y. City N. Y. Feb. 11, 1906, when I was twenty years of age."

The question presented is whether an alien whose father declared his intention of becoming a citizen, but died before being naturalized, and during the minority of the child, may acquire naturalization under Act June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 422] upon complying with the other provisions of the act, without making a declaration of intention.

Subdivision 6 of section 4 of the act of 1906 provides:

"When any alien who has declared his intention to become a citizen of the United States dies before he is actually naturalized the widow and minor children of such alien may, by complying with the other provisions of this act, be naturalized without making any declaration of intention."

Section 2168, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1332], provided:

"Widow and children of declarants.

When any alien, who has complied with the first condition specified in section twenty-one hundred and sixty-five, dies before he is actually naturalized, the widow and the children of such alien shall be considered as citizens of the United States, and shall be entitled to all rights and privileges as such, upon taking the oaths prescribed by law."

And section 2172 of the same [U. S. Comp. St. 1901, p. 1334] provided:

"Children of persons naturalized under certain laws to be citizens.

The children of persons who have been duly naturalized under any law of the United States, or who, previous to the passing of any law on that subject by the government of the United States, may have become citizens of any one of the states, under the laws thereof, being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof. * * * "

In the case of Boyd v. Thayer, 143 U. S. 135, 12 Sup. Ct. 375, 36 L. Ed. 103, it was sought to oust Boyd from the office of Governor of the state of Nebraska on the ground that he had not become a citizen. It appeared there that he was born in Ireland in 1834 of Irish parents. His father emigrated to the United States in 1844 with all his family and settled in Ohio in which state he had resided continuously. In

1849 the father declared his intention to become a citizen but there was no record of his having completed his naturalization by taking out his certificate after the expiration of five years. The son, on attaining majority, voted in Ohio, under the belief that his father had become a citizen. In 1856 he removed to Nebraska, was elected Governor there and entered upon the discharge of his duties. His predecessor, Thayer, as relator, filed an information in the Supreme Court of Nebraska, in which he claimed that Boyd never having been naturalized was ineligible to hold his office. The matter was taken to the Supreme Court of the United States, where it was held that Boyd was a citizen because even if his father did not complete his naturalization before the son attained majority, the son did not lose the inchoate status which he had acquired through the father's declaration of intention. The sections above quoted, were then under consideration by the court and it was held (177) that they conferred the rights of citizenship upon the minor children of the declarant, when the proper oaths under the act should be taken.

The act of 1906, makes it plain that the minor children of a deceased declarant are not required to make any declaration of intention and relates back to those whose fathers died prior to September 26, 1906. The right now claimed apparently existed under the old law and there is nothing in the new law to take it away. Therefore I think it should be construed to permit this applicant, upon complying with the other provisions of the law, to obtain his naturalization.