## UNITED STATES v. MANZI.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FIRST CIRCUIT.

No. 204.   Argued February 23, 1928.—Decided April 9, 1928.

1. The widow of an alien who died after declaring his intention to become a citizen but before completing his naturalization, must, in order to obtain the statutory benefit of his declaration, file her petition for naturalization not less than two nor more than seven years after the date of her deceased husband's declaration of intention. P. 464.

2. Doubts concerning a grant of citizenship must be resolved against the claimant. P. 467.

16 F. (2d) 884, reversed.

CERTIORARI, 274 U. S. 730, to a judgment of the Circuit Court of Appeals, which affirmed a judgment dismissing the petition of the United States for the cancellation of a certificate of naturalization.

*Solicitor General Mitchell*, with whom *Assistant Attorney General Luhring* and *Mr. Harry S. Ridgely*, Attorney in the Department of Justice, were on the brief, for the United States.

No appearance for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Aniello Manzi filed his declaration of intention to become a citizen of the United States October 15, 1913. He died December 19, 1914. On October 4, 1924, his widow Amalia, respondent herein, relying upon her husband's declaration, asked for citizenship. This was granted February 3, 1925, and certificate issued over the objection that her request came too late, more than seven years having passed since the husband made his declaration.

January 9, 1926, the United States began this proceeding by a petition in the District Court for Rhode Island to cancel her certificate upon the ground that it had been illegally procured. That court dismissed the petition and the Circuit Court of Appeals affirmed the decree. The single question for our consideration is one of law: Whether it was unnecessary for respondent to declare her intention because her husband had declared his in 1913.

The Solicitor General maintains, and we think rightly, that while a widow may have the benefit of her husband's declaration, she must perfect her citizenship under the restrictions specified for him, including the requirement that request for naturalization must come not more than seven years after such declaration. The intention of Congress was to treat the action of the husband as though taken by the widow herself.

The Act of June 29, 1906, " To establish a Bureau of Immigration and Naturalization, and to provide for a uniform rule for the naturalization of aliens throughout the United States " (34 Stat. 596), definitely prescribes the circumstances under which aliens may be naturalized. Its requirements are much more stringent than those found in former acts.

Section 4, (Par. 1) directs that two years, at least, prior to his admission, and after he has reached the age of eighteen years, the alien shall declare on oath that it is his bona fide intention to become a citizen, and then directs—

" Second. Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified, in which petition such applicant shall state his full name, his place of residence (by street and number, if possible), his occupation, and, if possible, the date and place of his birth; the place from which he emigrated, and the date and place of his arrival in the United States, and, if he entered through a port, the name of the vessel on which he arrived; the time when and the place and name of the court where he declared his intention to become a citizen of the United States; if he is married he shall state the name of his wife and, if possible, the country of her nativity and her place of residence at the time of the filing of his petition; and if he has children, the name, date and place of birth and place of residence of each child living at the time of the filing of his petition: *Provided,* That if he has filed his declaration before the passage of this Act he shall not be required to sign the petition in his own handwriting."

" Sixth. When any alien who had declared his intention to become a citizen of the United States dies before he is actually naturalized the widow and minor children of such alien may, by complying with the other provisions of this Act, be naturalized without making any declaration of intention."

" Sec. 27. That substantially the following forms shall be used in the procedings to which they relate:

318°—28——30

Declaration of Intention

(Invalid for all purposes seven years after the date
hereof.)"

The formula to be observed by a declarant is then set
forth.

Pertinent sections of the Revised Statutes, in effect
prior to 1906, provided—

" Sec. 2165. An alien may be admitted to become a
citizen of the United States in the following manner, and
not otherwise:

" First. He shall declare on oath, before a circuit or dis-
trict court of the United States, or a district or supreme
court of the Territories, or a court of record of any of the
States having common-law jurisdiction, and a seal and
clerk, two years, at least, prior to his admission, that it is
bona fide his intention to become a citizen of the United
States, and to renounce forever all allegiance and fidelity
to any foreign prince, potentate, state, or sovereignty, and,
particularly, by name, to the prince, potentate, state, or
sovereignty of which the alien may be at the time a citi-
zen or subject."

" Sec. 2168. When any alien, who has complied with
the first condition specified in section twenty-one hundred
and sixty-five, dies before he is actually naturalized, the
widow and the children of such alien shall be considered
as citizens of the United States, and shall be entitled to
all rights and privileges as such, upon taking the oaths
prescribed by law."

Manifestly, the Act of 1906, demands much more of the
widow of a deceased alien who had declared his intention
before she can become a citizen than was necessary under
§ 2168, Revised Statutes. Although in certain circum-
stances she may obtain naturalization without her per-
sonal declaration of intention, she must comply with all
other prerequisites.

Citizenship is a high privilege, and when doubts exist concerning a grant of it, generally at least, they should be resolved in favor of the United States and against the claimant. *Swan & Finch Co.* v. *United States,* 190 U. S. 143, 146. If Aniello had lived, his declaration of intention would have been valueless to him after seven years. The construction now suggested by respondent would prolong the efficacy of this application for her benefit during an indefinite period.

The Act of 1906 definitely directs that the petition for citizenship shall be filed within seven years after the declaration, and we find nothing in the words used or the legislative purpose which permits an extension of such time for the benefit of widows. *United States* v. *Poslusny,* 179 Fed. 836; *In re Schmidt,* 161 Fed. 231, and *In re Shearer,* 158 Fed. 839, we think give no substantial support to the contrary view.

The decree of the court below is                    *Reversed.*

MR. JUSTICE SUTHERLAND and MR. JUSTICE SANFORD dissent.