## UNITED STATES v. HARBANUK.
### No. 159.

Circuit Court of Appeals, Second Circuit.
Jan. 9, 1933.

John Buckley, U. S. Atty., of Hartford, Conn., and George H. Cohen, Asst. U. S. Atty., of Hartford Conn., for appellant.

Albert W. Hummel, of Waterbury, Conn., for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellee was a native of Russia, a former subject of Austria, and enlisted in the National Army August 24, 1918. On November 14, 1918, he was honorably discharged, his record of discharge reading: "This soldier discharged neutral alien per telegraphic instructions from War Department November 14, 1918." The record does not disclose that he requested his discharge.

On January 13, 1928, the appellee filed a petition for citizenship in the court of common pleas for New Haven county, Waterbury, Conn., under the provisions of section 7 of the Act of May 26, 1926, c. 398, 44 Stat. 654 (8 USCA § 392a note). The petition was dismissed May 15, 1928, and an application made to reopen the case June 29, 1928. He was admitted to citizenship January 15, 1929. The certificate of citizenship was granted February 20, 1929.

On April 6, 1931, the appellant filed a petition to cancel the certificate of naturalization pursuant to section 15 of the Act of Congress of June 29, 1906, as amended (8 USCA § 405). The petition set forth that the appellee had procured his citizenship illegally in violation of the Act of June 29, 1906. The Act of Congress of May 26, 1926, c. 398, § 1, 44 Stat. 654 (8 USCA § 241), provides that "alien veteran" means "an individual, a member of the military or naval forces of the United States at any time after April 5, 1917, and before November 12, 1918, who is now an alien not ineligible to citizenship; but does not include * * * any alien at any time during such period or thereafter discharged from the military or naval forces on account of his alienage." Section 7 of that act (8 USCA § 392a note) provides: "An alien veteran, * * * shall, if residing in the United States, be entitled, at any time within two years after the enactment of this Act, to naturalization upon the same terms, conditions, and exemptions which would have been accorded to such alien if he had petitioned before the armistice of the World War, except that such alien shall be required to appear and file his petition in person and to take the prescribed oath of allegiance in open court. ([Approved] May 26, 1926.)"

The basis of this application is that the court below, in dismissing the petition of cancellation of citizenship and entering a judgment for the appellee, holding that he was entitled to citizenship under the provisions of sections 241 and 392a, title 8, of the U. S. Code (8 USCA §§ 241, 392a), erred in holding that he was one of a group of aliens entitled to naturalization.

It was error, we think, to hold that the government failed to prove that the appellee was discharged on account of his alienage, within the statute, and in failing to hold that he had illegally obtained a certificate of citizenship. The naturalization court did not have authority to grant citizenship on January 15, 1929, since the time under the statute expired May 26, 1928.

The service record of the appellee was an official public record and admissible as such. Chesapeake & Dela. Canal Co. v. U. S., 250 U. S. 123, 129, 39 S. Ct. 407, 63 L. Ed. 889, Commonwealth v. Slavski, 245 Mass. 405, 140 N. E. 465, 29 A. L. R. 281. This record was conclusive as to the reason for his discharge. Fitchburg v. Lunenburg, 102 Mass. 358. The court could not infer that the appellee was not discharged on account of his alienage but for some other reason. The fact that he testified that the discharge had occurred wholly without request on his part is insufficient to overcome the entry in the service record which we think was conclusive. Having been discharged as a neutral alien, his status was that of a group excepted from the benefits of the act (section 241, title 8, U. S. Code [8 USCA § 241]) and he could not be admitted to citizenship pursuant to that act regardless of whether or not he requested his discharge. The statute does not in any

way permit a request on the part of a soldier to bring him within the excluded class.

Moreover, the two-year period for naturalization provided for in section 7 of the Act of May 26, 1926 (8 USCA § 392a note), expired May 26, 1928, and the court of common pleas of Connecticut had no authority later to entertain a motion for reopening and to grant the application almost eight months thereafter when the time of the statute had expired. Although the motion was made to reopen during the term of the court, the fact is that the time of the federal statute had expired and the petition for citizenship had been dismissed within the time of the statute. The court had no authority later to reopen the proceedings.

The Act of May 26, 1926, § 7 (8 USCA § 392a note), provides: "An alien veteran * * * shall * * * be entitled, at any time within two years after the enactment of this Act, to naturalization. * * *" This is a self-limiting provision of the statute, and to succeed in an application for citizenship the individual must be admitted during the period of the running of the statute.

Section 1 of the Fourteenth Amendment of the Constitution, authorizing the basic Naturalization Act of June 29, 1906 (34 Stat. 596 as amended), provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." The word "naturalization" describes a completed process in which an alien has become a citizen of the United States. In the act of 1906, the word "naturalization" relates to the status of citizenship which has been acquired. Naturalization "is the act of adopting a foreigner, and clothing him with the privileges of a native citizen. * * *" Boyd v. Nebraska ex rel. Thayer, 143 U. S. 135, 162, 12 S. Ct. 375, 382, 36 L. Ed. 103. The grant of citizenship or the benefits thereof are to be construed in favor of the government and against the party claiming the grant. This has long been the rule in all naturalization cases. U. S. v. Schwimmer, 279 U. S. 644, 49 S. Ct. 448, 73 L. Ed. 889; U. S. v. Manzi, 276 U. S. 463, 48 S. Ct. 328, 72 L. Ed. 654; Swan & Finch Co. v. U. S., 190 U. S. 143, 23 S. Ct. 702, 47 L. Ed. 984. In United States v. Macintosh, 283 U. S. 605, 626, 51 S. Ct. 570, 576, 75 L. Ed. 1302, the court said: "The Naturalization Act is to be construed 'with definite purpose to favor and support the government,' and the United States is entitled to the benefit of any doubt which remains in the mind of the court as to any essential matter of fact."

We think, therefore, it was illegal to grant citizenship to this appellee, and the order entered below is reversed.

Order reversed.