## UNITED STATES v. DANG MEW WAN LUM.

### No. 8346.

Circuit Court of Appeals, Ninth Circuit.

Feb. 8, 1937.

Ingram M. Stainback, U. S. Atty., J. Frank McLaughlin, Asst. U. S. Atty., and Ernest J. Hover, U. S. Department of Labor, Immigration, and Naturalization Serv-

ice, all of Honolulu, T. H., and H. H. Mc-Pike, U. S. Atty., of San Francisco, Cal.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

## NETERER, District Judge.

The appellant seeks reversal of the order of naturalization and cancellation of naturalization certificate of appellee.

No brief is filed by the appellee, nor does any one appear on her behalf. It is stated in appellant's brief that appellee has not employed counsel, although advised to do so.

The petition for naturalization is sufficient, and among other things shows that appellee was born in Honolulu, Hawaii, May 29, 1894, and is of the Chinese race and is married to Lum Chew Hung. She was married May 2, 1910, at Dai Char, Chungshan, China. Her husband was born at Dai Char, Chungshan, China, February 3, 1886. Appellant entered Honolulu, United States, for permanent residence. She has no children. She departed for China from Hawaii May 16, 1907, steamship Siberia. Her last foreign residence was Macao, Chungshan, China. She came to the United States of America from Hongkong, China, and made lawful entry in the United States at Honolulu, under the name of Dang Mew Wan Lum on October 19, 1934 on the steamship President Hoover. She qualified for citizenship on belief in organized government, disbelief in polygamy or in the practice thereof, and intention to become a citizen of the United States and the renunciation of all foreign allegiance and particularly with China; is able to speak the English language and had filed no former petition.

Motion was made to dismiss the petition for the reason that appellant, being of the Chinese race, is ineligible to naturalization unless she is entitled to admission under section 4 (a), Act of March 3, 1931 (8 U.S.C.A. § 369a).

Having departed from the United States in 1907 and married a Chinese in China May 2, 1910, which marriage endures, and not returning to the Territory of Hawaii and the United States until October 19, 1934, she is not within the amendment of July 2, 1932 (8 U.S.C.A. § 368b).

The Provisional Government obtained in the Hawaiian Islands from January 17, 1893, to July 4, 1894. She was at birth a citizen of the Provisional Government of the Hawaiian Islands. The Republic of Hawaii began July 4, 1894, and continued to August 12, 1898. By article 17 of the Constitution of the Republic of Hawaii she became a citizen of said republic at its inception and so remained during its life (to August 12, 1898). By the Organic Act of April 30, 1900, c. 339, § 4 (31 Stat. 141, 8 U.S.C.A. § 4), she, together with all other citizens of said republic, were naturalized as citizens of the United States, but when she married an alien ineligible to citizenship in 1910 she lost her citizenship.

The Act of March 2, 1907, c. 2534, § 3 (34 Stat. 1228), provides: "Any American woman who marries a foreigner shall take the nationality of her husband." The Act of Sept. 22, 1922, c. 411 § 7, 42 Stat. 1022, 8 U.S.C.A. § 9 repealing section 3, Act of March 2, 1907, provides that "Such repeal shall not restore citizenship lost under such section."

The Act of July 3, 1930, c. 835, § 2(a) (46 Stat. 854, 8 U.S.C.A. § 369), provides that a woman having lost her citizenship by marrying an alien eligible to citizenship, if she did not expiate herself by some affirmative act, may be naturalized. The Act of March 3, 1931, c. 442, § 4(a) (46 Stat. 1511, 8 U.S.C.A. § 369a), provides that any woman having lost her citizenship before March 3, 1931, by residence abroad after marriage or by marriage to an alien ineligible to citizenship if she has not acquired other nationality by her affirmative acts, may be naturalized. This section also makes eligible to citizenship a woman who was at birth a citizen of the United States of whatever race. Appellant was not at birth a citizen of the United States. And the further provision (8 U.S.C.A. § 368b) that a woman born in Hawaii prior to June 14, 1900, shall, if residing in the United States on July 2, 1932, be considered a citizen of the United States at birth does not qualify appellant, as she was not residing in the United States on said date.

This act created a right, upon a fixed status, but petitioner is not within the status, since she was not a citizen of the United States at birth, nor was she a resident of the United States July 2, 1932. The high privilege of citizenship is within the exclusive power of Congress to confer, Terrace v. Thompson, 263 U.S. 197, 44 S. Ct. 15, 68 L.Ed. 255, and the court must strictly construe the acts granting the priv-

ilege, U. S. v. Manzi, 276 U.S. 463-467, 48 S.Ct. 328, 329, 72 L.Ed. 654. See, also, In re McIntosh (D.C.) 12 F.Supp. 177.

The order is reversed and the trial court directed to dismiss the petition and enter an order canceling and recalling the certificate of naturalization issued.