### Petition of WEBER.

### No. 427113.

District Court, E. D. New York.

June 21, 1945.

Petitioner not represented by counsel.

KENNEDY, District Judge.

The petition for naturalization here is filed under 8 U.S.C.A. § 720a, Act of July 2, 1940, 54 Stat. 715, which provides in

substance that an alien who at the time of "entering" the United States is less than sixteen years of age may be naturalized upon "full and complete compliance with all the requirements of the naturalization laws", provided (1) that no declaration of intention is required and (2) the petition must be filed within one year after the alien attains the age of 21 years.

I am called upon to decide whether the petitioner meets these requirements. She had not entered the United States as an immigrant until November 21, 1944, at which time she was over 21 years of age (she was born on May 6, 1923). Her petition is based upon the fact that she entered the United States as a visitor on January 19, 1925. She argues from this fact that she has satisfied the requirements of the statute, since it does not in terms restrict its benefits to those who have lawfully entered the United States for permanent residence (although this is what the Immigration and Naturalization Service says the statute means, 8 C.F.R. 325.1). In other words, there is here for decision the question whether the Congress when it used the word "entering" in the statute meant lawfully entering for lawful permanent residence on the one hand, or any kind of entry, legal or illegal, on the other. I say this because I take it that if I decide the petitioner is eligible for citizenship (she having entered only as a visitor) then it follows, as a natural consequence, that applicants must be naturalized under this statute, no matter how they got here. For if the word "lawfully" is not to be interpolated by implication before the word "entering" in the statute, and the words "for permanent residence" after it, then it is impossible, as I see it, to put any limitation upon the type of entry which will entitle applicants to the privilege conferred by that statute.

I confess I am unable to satisfy myself that the statute survived the passage of the Nationality Act of October 14, 1940, 8 U.S.C.A. § 501 et seq. It has had a chequered career. It was first codified as 8 U.S.C.A. § 375a. It then was set out in the form of a footnote to 8 U.S.C.A. § 731. The chronological table (1944 U.S.C.A.) traces the statute into 8 U.S.C.A. § 720a (chronological table, page 113). In re Naturalization of Serlin, D.C., 45 F.Supp. 774, it was held that the statute was not repealed by the Nationality Act of 1940. In the 1941–43 supplement to the United States Code (Ed.1940), the section is given a new number (8 U.S.C.A. § 720a), with the notation that it is not part of the Nationality Act of 1940. However, I shall assume that the statute is in force and that its meaning is, as I have outlined above, to be decided.

Petitioner's position I have stated in substance. But she elaborates upon it. She argues that where Congress, in the statutes dealing with naturalization, uses words like "reside" and "entering", without qualifying them by words like "lawful" or "permanent residence", it is presumed to negate any such limitation. To support this proposition she cites a dictum in United States v. Shapiro, D.C., 43 F.Supp. 927, 929. However, the judgment in the Shapiro case was that the certificate under attack be canceled. And the Court quotes with approval the case of United States v. Goldstein, D.C.E.D.N.Y., 30 F.Supp. 771, 773, which is a square holding that "residence" means "legal residence". The dictum in the Shapiro case upon which petitioner relies is as follows: "There seems to be no specific statute which provides that lawful entry is, in every instance, prerequisite to naturalization." [43 F.Supp. 929] It can be just as forcefully argued that no such specific statute exists because it is unnecessary, as it can be argued that the nonexistence of such a statute puts the duty on Congress to specify.

Among the authorities cited in the Goldstein case, supra, is the case of Kaplan v. Tod, 267 U.S. 228, 45 S.Ct. 257, 69 L.Ed. 585. In that case the Court had before it for construction language which was formerly found in the statute dealing with rights of citizenship acquired by minors, Rev.Stat. § 2172, now 8 U.S.C.A. § 714. At the time of the decision the statute contained the language "if dwelling in the United States." The Court held in the Kaplan case that the appellant did not bring herself within the purview of the Act unless she was lawfully dwelling in the United States. In United States v. Manzi, 276 U.S. 463, 48 S.Ct. 328, 72 L.Ed. 654, which curiously enough is cited by the petitioner here, the question before the Court was whether a widow lost her right to avail herself of her deceased husband's declaration of intention. The statute before the Court for construction was the Act of June 29, 1906, 34 Stat. 596, 8 U.S.C.A. § 375. The sixth paragraph of one section of the statute gave the widow of a deceased alien

the privilege of using a decedent's declaration of intention, but there was no limitation specifically upon the time over which this privilege extended. The second paragraph of the same section imposed a seven-year limitation upon the alien's right to use the declaration. The Circuit Court of Appeals for the First Circuit had ruled in the Manzi case that absent any specific limitation the widow could avail herself of the declaration of intention, even at a time when her deceased husband, if he had lived, would have lost this right. The Supreme Court reversed this holding and said that the time limitation imposed in terms upon the husband was to be interpolated into the section dealing with the right of the widow. Apparently the canon of construction which it applied was that, citizenship being a high privilege, doubts must be resolved in favor of the United States and against the claimant, citing Swan & Finch Co. v. United States, 190 U.S. 143, 146, 23 S.Ct. 702, 47 L.Ed. 984.

I said it was curious that petitioner cited the Manzi case, because to sustain an argument that the word "lawfully" is not to be implied before the word "entering" in the statute here under consideration, 8 U.S.C.A. § 720a, she cites a case which clearly holds that a much more onerous limitation will be read into a naturalization statute. Manzi case, supra.

■ Another argument advanced by petitioner is that wherever Congress eliminates the necessity of a declaration of intention it also by implication eliminates the requirements of lawful entry for permanent residence. This conclusion is based upon the claim that one section of the Nationality Act, 8 U.S.C.A. § 729, forbids the filing of a declaration of intention until lawful entry for permanent residence has been shown and another section of the Nationality Act of 1940, 8 U.S.C.A. § 732, provides that persons arriving after June 29, 1906, must file a declaration of intention with the petition for naturalization. Petitioner says in substance that since the statute which she invokes, 8 U.S.C.A. § 720a eliminates the necessity for a declaration of intention, it eliminates the necessity for lawful entry, and also for entry with the intention of permanent residence. I cannot find any support for this argument either in the statute itself or in the general principles which, as I understand it, govern the construction of such statutes.

■ Really, the statute which the petitioner invokes, 8 U.S.C.A. § 720a, was enacted to cure a very specific situation, which demanded correction. At the time of its passage there were in the State of Massachusetts many families of foreign origin. They had arrived in the twenty years preceding the summer of 1940. There were numerous children who could not understand that they were not citizens because of the mere neglect of their parents. Many of these children had been in the United States since infancy. Congress felt that it was neither necessary nor fair to require such persons to go through the same procedure for citizenship as was required of an adult. These are the facts which appear in the reports of the committees on Immigration and Naturalization which recommended the passage of the bill. S.Rept.1928, H.Rept. No. 1277, 76 Cong., accompanying H.R. 6443. The reports themselves contain nothing to indicate that the bill would apply to visitors. In fact, read as a whole, they indicate that the statute was intended to apply to children of immigrants who had entered regularly and lawfully under the quota, but who had neglected to become citizens.

■ Petitioner puts much stress also on what she considers an analogous statute, Act of March 27, 1942, 56 Stat. 182, 8 U.S.C.A. § 1001. Prior to its amendment in 1944, 58 Stat. 886, 8 U.S.C.A. § 1001, this statute, which confers exceptional privileges upon persons serving in our armed forces, contained a requirement that the benefit of the statute would extend only to those "lawfully admitted". Petitioner points out that the construction put upon the words "lawfully admitted" by the Immigration and Naturalization Service was that this language covered students, seamen, and visitors. Monthly Review, Immigration and Naturalization Service, September, 1943, Vol. 1, No. 3, p. 7. Petitioner says that the Immigration and Naturalization Service has no right to put one construction on the word "entering" under the statute which she invokes, 8 U.S.C.A. § 720a, and another on the words "lawfully admitted" in a statute which confers somewhat similar privileges upon persons serving in the armed forces, 8 U.S.C.A. § 1001. There is no very close analogy between the two statutes. I can see why the Immigration and Naturalization Service can consistently take the position that the words "lawfully admitted" apply to visitors,

whereas the word "entering" does not. The word "enter", when used in immigration and naturalization statutes, even without qualifying adjectives, has acquired a significance of its own. Moreover, the Congress later struck from the statute, 8 U.S.C.A. § 1001, the requirement that members of the armed forces must be lawfully admitted to become eligible to the benefits of the statutes, Act of December 22, 1944, 58 Stat. 886, 8 U.S.C.A. § 1001. This is some indication that the interpretation put upon the statute in its original form by the Immigration and Naturalization Service was in accord with the intention of the Congress, but that it was felt advisable to modify the statute so that its meaning was clearly expressed, and interpretation and construction became unnecessary.

My conclusion is that no alien becomes entitled to the benefits of this statute, 8 U.S.C.A. § 720a, unless there is a demonstration of lawful entry with intention permanently to reside in this country. I may say, for the possible benefit of any reviewing court, that the applicant is unquestionably a person of good character and otherwise fully eligible for citizenship. It is with reluctance that I impose on her the requirement that she proceed under the general statute. I do not believe, however, that the statute which she invokes, if it is still in force, was intended to apply to such a case as hers, and I accordingly dismiss the petition.