**In re BOLTER.**

No. 109666.

District Court, S. D. California, Central Division.

June 29, 1946.

Ray E. Griffin, Chief, Nationality Section Immigration and Naturalization Service, of Los Angeles, Cal., Representing the Government.

Benjamin W. Henderson. of Los Angeles, Cal., Attorney for Petitioner.

MATHES, District Judge.

Hannah Bolter has filed her petition to be naturalized as a citizen of the United States pursuant to § 310(a) of the Nationality Act of 1940. The petition is predicated upon petitioner's claim that she is an "alien who, after September 21, 1922, and prior to May 24, 1934, has married a citizen of the United States * * *." Title 8 U.S.C.A. § 710(a).

The facts are undisputed. Petitioner was married at Los Angeles March 2, 1930, to Jack Bolter, formerly Yechiel Baltinertis, who was born in Jerusalem, Palestine, on December 4, 1903, the son of Chajim Baltinertis, then a naturalized citizen of the United States.

The father of petitioner's spouse was naturalized September 4, 1903, in the United States District Court for the Southern District of New York. He had resided in the United States for some time prior to his naturalization, and continued to reside here until some years thereafter when he returned to Palestine to live.

In March of 1924, son Yechiel, then twenty years of age, applied to the American Consul at Palestine for a United States passport. This passport was issued and he was permitted to enter the United States and take up residence as a citizen on May 30, 1924. He has resided in this country since that time, exercising without question his claimed rights of American citizenship, including the right to vote.

Meantime, on November 1, 1929, the certificate of citizenship which had been issued to the father, Chajim Baltinertis, on September 4, 1903, was cancelled by the United States District Court for the Southern District of New York pursuant to § 15 of the Act of June 29, 1906, as amended, 34 Stat. 601, 40 Stat. 544, because he had returned to and taken up permanent residence in the country of his nativity. See: Title 8 U.S.C.A. § 738(c).

The son, now named Jack Bolter, was not a party to the proceeding for the cancellation of his father's citizenship, and did not learn of it until some years later following the filing of his application for a certificate of citizenship. This application the Commissioner denied March 10, 1945, "because a cancellation of naturalization of subject's father on November 1, 1929 by the United States District Court at New York divested the applicant of any citizenship rights which he acquired at birth."

The Commissioner opposes the petition at bar upon the same ground. So the sole question here is whether or not petitioner's husband, Jack Bolter, was a citizen of the United States at the time of her marriage to him March 2, 1930.

At the date of birth of petitioner's husband, § 1993 of the Revised Statutes provided, as it had since 1802, that:

"All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; but the rights of citizenship shall not descend to children whose fathers never resided in the United States." 54 Stat. 715, 8 U.S.C.A. § 720a. Cf. Title 8 U.S.C.A. §§ 601(c), 713, 807.

The plain wording of the statute just quoted makes it manifest that, since his father was admittedly a citizen in December of 1903, Jack Bolter was born a citizen of the United States. See: Citizenship of the United States, Expatriation and Protection Abroad, Document No. 326, p. 78, 39th Congress, 2nd session.

Moreover, that status acquired at birth was recognized twenty years later when

he was issued a passport and permitted to enter the United States for permanent residence as an American citizen, and to vote and otherwise exercise the rights of citizenship.

It is conceded that Bolter himself has not done or omitted to do any act which could lawfully deprive him of the American citizenship which descended to him by operation of law at birth.

Section 739 of Title 8 U.S.C.A. as amended January 20, 1944, 58 Stat. 4, c. 2, § 3, provides that:

"A person who claims to have derived United States citizenship through the naturalization of a parent * * * or who is a citizen of the United States by virtue of the provisions of section 1993 of the United States Revised Statutes * * * may apply to the Commissioner for a certificate of citizenship."

As stated before, the Commissioner has denied a certificate to Bolter and would have the court deny his wife's petition here, upon the sole ground that concellation in 1929 of the citizenship of Bolter's father operated ipso facto, so the Commissioner urges, to deprive Bolter of his long-enjoyed status of an American citizen.

Thus, in the language of Schneiderman v. United States, 1942, 320 U.S. 118, 122, 123, 63 S.Ct. 1333, 1335, 87 L.Ed. 1796, the Government seeks "to deprive him of the priceless benefits that derive from that status. In its consequences it is more serious than a taking of one's property, or the imposition of a fine or other penalty. For it is safe to assert that nowhere in the world today is the right of citizenship of greater worth to an individual than it is in this country. It would be difficult to exaggerate its value and importance. By many it is regarded as the highest hope of civilized men. * * * such a right once conferred should not be taken away without the clearest sort of justification and proof. * * * the facts and the law should be construed as far as is reasonably possible in favor of the citizen."

The Commissioner contends that the law compels the harsh decision he has reached, because in enacting the Nationality Act of 1940 Congress provided in § 338(d), Title 8 U.S.C.A. § 738(d), that:

"The revocation and setting aside of the order admitting any person to citizenship and canceling his certificate of naturalization * * * shall not *where such action takes place after the effective date of this chapter,* result in the loss of citizenship or any right or privilege of citizenship which would have been derived by or available to a wife or minor child of the naturalized person had such naturalization not been revoked, but the citizenship and any such right or privilege of such wife or minor child shall be deemed valid to the extent that it shall not be affected by such revocation: *Provided,* That this subsection shall not apply in any case where the revocation and setting aside of the order was the result of actual fraud." (Italics added)

The Commissioner urges that the phrase—"where such action takes place after the effective date of this chapter"— manifests Congressional intent that there should be no "saving clause" prior to that time.

Considering the scope of statutory revision and repeal embodied in the Nationality Act of 1940, it seems more probable that the phrase upon which the Commissioner relies was added out of an abundance of caution. See: Title 8 U.S.C.A. § 904; Johannessen v. United States, 1912, 225 U.S. 227, 238, 242, 32 S.Ct. 613, 56 L.Ed. 1066.

An ancient maxim of interpretation holds that words added out of an obvious abundance of caution should not be given weight beyond their purpose—*abundans cautela non nocet.*

As was observed in Lau Ow Bew v. United States, 1892, 144 U.S. 47, 59, 12 S.Ct. 517, 520, 36 L.Ed. 340:

"Nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion."

This admonition would seem to have especial application where, as here, choice of one possible construction would operate

to change a citizenship status of long standing without any act or omission on the part of the person whose status would thus be changed. Haff v. Yung Poy, 9 Cir., 1933, 68 F.2d 203, 205.

On the other hand, as the Supreme Court said in United States v. Manzi, 1928, 276 U.S. 463, 467, 48 S.Ct. 328, 72 L.Ed. 654:

"Citizenship is a high privilege, and when doubts exist concerning a grant of it, generally at least, they should be resolved in favor of the United States and against the claimant."

But there can be no doubt that Jack Bolter was "born an American citizen." Ex parte Gilroy, D.C.N.Y., 1919, 257 F. 110, 116. It is equally beyond dispute that he retained that status and was recognized as an American citizen during the following twenty-five years and more—until his father's citizenship was cancelled in 1929.

It is also conceded that the father's certificate was not cancelled by reason of any actual fraud, which would have rendered his naturalization a nullity. Cf. Rosenberg v. United States, 3 Cir., 1932, 60 F.2d 475.

Since the age of twenty Jack Bolter has claimed and exercised the rights of an American citizen. It is now contended that he should be deprived of that status solely because, when he was a small boy, his father departed this country and thereby suffered his own citizenship to be cancelled.

■ Precedent holds that when born an American citizen, a child does not ipso facto lose that status merely by reason of change in the status of the parents. Perkins v. Elg, 1938, 307 U.S. 325, 329, 344, 59 S.Ct. 884, 83 L.Ed. 1320; Haaland v. Attorney General, D.C.Md., 1941, 42 F. Supp. 13, 21; In re Findan, D.C.R.I., 1933, 4 F.Supp. 189-190.

■ To paraphrase the language of Perkins v. Elg, supra, 307 U.S. 325 at page 329, 59 S.Ct. 884, 83 L.Ed. 1320: As at birth Jack Bolter became a citizen of the United States, that citizenship must be deemed to continue unless he has been deprived of it through the operation of a treaty or Congressional enactment or by his voluntary action in conformity with

applicable legal principles. Cf. Schaufus v. Attorney General, D.C.Md., 1942, 45 F.Supp. 61.

Obvious considerations would seem to call for an unequivocal expression if Congress desires to legislate a different result.

■■ For the reasons stated I find that at the time of petitioner's marriage to Jack Bolter in 1930 he was a citizen of the United States. The petition of Hannah Bolter is granted. .