**In re LEHMAN.**
No. 140630.

District Court, E. D. Pennsylvania.
Aug. 7, 1946.

Thomas J. McKeghney, Chief, Nationality and Status Section, Immigration and Naturalization Service, and Maurice A. Roberts, Chief, District Adjudications Division, Immigration and Naturalization Service, both of Philadelphia, Pa., for the Government.

Allen B. Clement, of Philadelphia, Pa., for petitioner.

KALODNER, District Judge.

Petitioner has filed his petition for naturalization under Section 310(a) of the Nationality Code of 1940, 54 Stat. 1144, 8 U.S.C.A. § 710(a). It is necessary for petitioner to establish that he was and still is a person of good moral character, attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States. It is clear that the burden of satisfying the Court rests upon the petitioner. See In re Oppenheimer, D.Or., 1945, 61 F.Supp. 403; Petition of Ludecke, E.D.Mich., 1940, 31 F.Supp. 521, 523.

In May, 1941, the petitioner invested a large part of his savings, $1,800, in German Reuckwanderer Marks. In order to make the transfer of funds to Germany effective, petitioner signed a document in which he declared his intention to re-immigrate to Germany "after the end of the war"; the document also recited that he was a national of Germany, and that he had obtained a "certificate of reliability" from the German consul. Petitioner asserts that he had intended merely to transfer funds into a German bank in order that he might establish a wool business in Germany similar to that which he was conducting here at that time. He testified that he intended to go abroad to establish the business, and then return here. Also, he stated that he signed the document, which was entitled a "Request for Settlement", without having read it. The document was printed in German.

I am of the opinion that the petition herein should be denied, as recommended by the Immigration and Naturalization Service. I do not credit the petitioner's account of the circumstances surrounding the investment and the signing of the "Request for Settlement."

As stated in United States v. Manzi, 1928, 276 U.S. 463, at page 467, 48 S.Ct. 328, 329, 72 L.Ed. 654, "Citizenship is a high privilege, and when doubts exist concerning a grant of it, generally at least, they should be resolved in favor of the United States and against the claimant". I think the investment in German Reuckwanderer Marks, coupled with the declarations in the "Request for Settlement", create a sufficient doubt as to petitioner's loyalty and attachment to the United States, to warrant denial of the petition.

An order may be entered in accordance herewith.