Petition of CHIN LEE.

No. 10481.

United States District Court, Hawaii.

July 3, 1950.

Sau Ung Loo Chan, Honolulu, T. H., for petitioner.

John Kelleher, Naturalization Examiner, Immigration & Naturalization Service, Honolulu, Hawaii, for the Government.

McLAUGHLIN, District Judge.

The petitioner was born in China and during the recent war served in our Armed Forces, from which he received an honorable discharge.

He came into the United States presently as a visitor. While here in that status he married a citizen and has several children born here. His visitor's permit has been several times extended. However, the Assistant Commissioner, Immigration and Naturalization Service, under date of December 10, 1946, declined to renew his permit.

Accordingly on June 14, 1949, being a veteran, petitioner applied for naturalization under Section 724a as amended, of Title 8 United States Code Annotated.

The Naturalization Service, being fully aware of the fact that this petition was filed while petitioner was present in the United States unlawfully, nevertheless recommended that the Court grant the petition under Section 724a.

Petitioner's counsel likewise so urged.

Referring to the findings of fact of the Naturalization Examiner, I find that at the time the Assistant Commissioner denied a further extension of the applicant's temporary stay in the United States, the former directed that if petitioner failed to depart within a reasonable time deportation proceedings should be instituted. The order of denial of his extension further noted that the petitioner had a child three years old and indicated that, if he was eligible for suspension of deportation under Section 19 (c)(2) of the Immigration Act of 1917, 8 U.S.C.A. § 155(c)(2), he be accordingly advised. He was so advised and subsequently applied for suspension of deportation under Section 19(c). Pursuant to that application a warrant for his arrest was issued on October 28, 1947, on the grounds that he was found in the United States in violation of the Immigration laws. Those proceedings have not progressed beyond that point and no determination has yet been made concerning this petitioner's right to be and remain in the United States.

Nevertheless, the Naturalization Service has repeatedly stated that the petitioner has been "an illegal resident" or not "a lawful resident of the United States" since April 1, 1946.

The petition was and is denied. During the war the naturalization laws were very liberal as to aliens in our Armed Services, but even then, though much was dispensed with, the applicant had to be lawfully in the United States even if he did not have to produce a certificate of arrival. Today, the requirements for the naturalization of veterans certainly have not been so liberalized as to dispense with the necessity of the alien's first being lawfully in the United States.

Basically, with "Citizenship * * * a high privilege," United States v. Manzi, 276 U.S. 463, 467, 48 S.Ct. 328, 329, 72 L.Ed. 654, a priceless treasure, quoted with approval in United States v. Schwimmer, 279 U.S. 644, 649-650, 49 S.Ct. 448, 73 L. Ed. 889, and in Johnson v. Eisentrager, et al., 70 S.Ct. 936, it seems to me that unless Congress expressly provides to the contrary—which it has never yet done—a basic prerequisite to be eligible to receive this priceless treasure is to be lawfully in the United States.

To grant to one, such as petitioner, who refuses to obey our laws, a high privilege which carries with it an obligation of such obedience, strikes me as absurd.

In United States v. Macintosh, 283 U.S. 605, 616, 51 S.Ct. 570, 572, 75 L.Ed. 1302, the Court enumerated among the questions that "the court and the government" are to consider in an application for citizenship, one as to whether the applicant "will upon his own part observe the laws of the land." I do not think that anything in Section 324a has removed this requirement for good citizenship.

If the petitioner's very presence in the United States amounts to a continuing trespass, so to speak, the Court is entitled to entertain serious doubts that the applicant will obey the laws of the United States in the future.

Accordingly, the petition is, denied.