### Petition of PETCHEFF.

United States District Court
S. D. New York.
Sept. 23, 1953.

Harris, Corwin & Post, New York City (Edward L. Dubroff, Brooklyn, N. Y., of counsel), for petitioner.

Monroe Kroll, New York City, Examiner, Immigration and Naturalization Service, for the United States.

WEINFELD, District Judge.

Petitioner, fifty-eight years of age, a native of Bulgaria, was admitted to this country for permanent residence on July 24th, 1945. On December 26th, 1951, he filed a petition for naturalization under the general provisions of the Nationality Act of 1940.[1]

A preliminary hearing was conducted before a designated examiner [2] who recommended the denial of the petition on the grounds:

(1) That the petitioner does not intend to reside permanently in the United States and that he did not so intend on the date of the filing of his petition for naturalization; [3]

(2) That he has not been attached to the principles of the Constitution and well dis-

---

1. The present proceeding, although heard after the effective date of the Immigration and Nationality Act of 1952, 8 U.S. C.A. § 1101 et seq., is governed by the provisions of the Nationality Act of 1940. See Public Law 414, Act of June 27, 1952, 66 Stat. 163, § 405(b), 8 U.S. C.A. § 1101 note.

2. 8 U.S.C. § 733 [1952 Act, 8 U.S.C.A. § 1446].

3. 8 U.S.C. § 732(a) (18) [1952 Act, 8 U.S.C.A. § 1445(f)].

posed to the good order and happiness of the United States during the period required by law; and

(3) That he has not been a person of good moral character during the period required by law. In the case of the petitioner this is five years immediately prior to the filing of the petition, or December 26th, 1946.[4]

 The burden of proof is upon the applicant for naturalization to establish by satisfactory evidence that he has had the requisite qualifications for citizenship.[5] He makes out a prima facie case by his sworn petition and the affidavits of his witnesses.[6] Thus, while the burden of going forward to overcome the prima facie case is upon the Government, the burden of proof upon the entire case remains with the petitioner. When upon a fair consideration of the evidence adduced, any doubt remains in the Court's mind as to any essential fact, the doubt is to be resolved in the Government's favor and against the petitioner.[7]

A final hearing was conducted in open court[8] at which the Government, to support the denial of the petition, called four witnesses well known to, and acquainted with, the petitioner. They were subjected to extensive cross-examination by his counsel. Petitioner testified in his own behalf and also called witnesses.

 Upon a review of the entire record and after observing the witneses called by both sides, their demeanor, bearing and appearance, and upon considering their interests and possible motives, I find that the petitioner does not intend to reside permanently in the United States and did not so intend on December 26th, 1951, when he filed his petition for naturalization.[9]

On the contrary, France was, and is, the country where he intends to reside permanently. That petitioner's stated purpose in seeking naturalization was to secure the protection of an American passport while a permanent resident of France, where he intended to move upon obtaining the privilege of citizenship, was convincingly established by the four witnesses called by the Government. On numerous occasions up to the date of filing of his petition, and at least on one occasion thereafter, he openly expressed to them such purpose and intention. To one witness he boasted that he planned to return from France every four and a half years to renew his passport. Undoubtedly petitioner is voluble and of a bragging nature. Whether, as suggested by some who testified, it is the culture of France or the gay life of Paris which appeals to him, is unimportant. What is significant is that the evidence compels the conclusion that his petition was not filed in good faith and he did not intend to reside permanently here.

Petitioner's categorical denial and the testimony of his witnesses, mostly of a negative character, failed to repel the cumulative force of the testimony offered by the Government witnesses. To reject their testimony I would have to find that they testified falsely. This I am not prepared to do; certainly it is not warranted by the evidence. Petitioner's denial that he made the statements attributed to him with respect to permanent residence was not only unconvincing but served to emphasize the truthfulness of the versions of the Government witnesses. His charge that they were hostile and prejudiced against him was not impressive, and his attempted explanation of the underlying reasons for the alleged hostility was at

4. 8 U.S.C. § 707(a) [1952 Act, 8 U.S.C. A. § 1427(a)].

5. United States v. Schwimmer, 279 U.S. 644, 649, 49 S.Ct. 448, 73 L.Ed. 889.

6. Krausse v. United States, 2 Cir., 194 F.2d 440.

7. United States v. Schwimmer, footnote 5, supra; United States v. Macintosh, 283 U.S. 605, 626, 51 S.Ct. 570, 75 L.Ed.

1302; United States v. Manzi, 276 U.S. 463, 467, 48 S.Ct. 328, 72 L.Ed. 654.

8. 8 U.S.C. § 734 [1952 Act, 8 U.S.C.A. § 1447].

9. The petition for naturalization as required by 8 U.S.C. § 732(a) (18) contains the statement: "It is my intention in good faith to become a citizen of the United States, and to reside permanently therein."

times confusing and contradictory. Even were I to reject the testimony of the other Government witnesses, which I do not, that of Dr. Robev, presently the director of the Pathological Department of one of New York's well-known hospitals, was most persuasive. While in this instance petitioner also suggested a motive for ill-feeling toward him, the purported basis thereof was a labored one.

Having found that petitioner did express himself as testified to by the Government witnesses and that his denial of their testimony was untrue, there is no reason why such declarations should not be accepted as expressive of his true intent. In any event, upon the entire record such doubt exists on the issue of petitioner's intention permanently to reside in the United States as to require denial of his application.

With respect to the other grounds advanced by the Government for denial of petitioner's application, the evidence offered, while accepted as true, is not legally sufficient to warrant denial.[10]

The foregoing shall constitute findings of fact and conclusions of law unless either party desires enumerated findings which may be proposed upon notice to the other side.

Settle final order upon notice.

10. Baumgartner v. United States, 322 U. S. 665, 673, 64 S.Ct. 1240, 88 L.Ed. 1525; United States v. Rossler, 2 Cir., 144 F.2d 463.