**HITAKA SUDA, Appellant,**

v.

**John Foster DULLES, Secretary of State of the United States, Appellee.**

**No. 14461.**

United States Court of Appeals Ninth Circuit.

July 14, 1955.

Wirin, Rissman & Okrand, Los Angeles, Cal., Fong, Miho, Choy & Chuck, Honolulu, Hawaii, for appellants.

Louis B. Blissard, U. S. Atty., Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Suda, alleging he is an American born citizen of the United States, appeals from a decision dismissing his amended complaint seeking under 8 U.S.C., § 903, to establish that he is such a citizen.

The amended complaint was filed after the Immigration and Nationality Act, 66 Stat. 280, 8 U.S.C.A. § 1101 et seq., became effective on December 24, 1952. Of this we have held in Fujii v. Dulles, 9 Cir., 224 F.2d 906, that the amended complaint shall be deemed as filed as of the date of filing of the original complaint.

The pertinent portion of the amended complaint is as follows:

"On or about November 4, 1952, Plaintiff applied at the office of the American Vice-Consul, Kobe, Japan, for a passport to return to the United States as a citizen thereof. Said application for passport was denied Plaintiff by said Vice-

Consul on the ground that Plaintiff had lost his United States citizenship under 8 U.S.C. § 801(c) by reason of the aforesaid service in the Japanese Armed Forces, and instead, on November 25, 1952, said Vice-Consul executed under his official seal as Vice-Consul of the United States a Certificate (as to Plaintiff) of the Loss of the Nationality of the United States on the ground aforesaid. Said action of the Vice-Consul in Kobe, Japan, was approved by the Washington office of the Department of State on December 18, 1952.

> "In so acting, the American Vice-Consul in Kobe, as well as the Washington office of the Department of State, acted as the agents of and for and on behalf of the Defendant and his predecessor in office. In so acting, said persons denied to plaintiff a right and privilege as a citizen and national of the United States."

 It will be noted that, unlike in the Fujii case, the State Department had approved the certificate that Suda had lost his United States citizenship on December 18, 1952, six days before the Act became effective. The district court held that the decision of the Department of State that Suda had lost his citizenship was of no avail to him because the department had not advised him it was so decided. Here, as in the Fujii case, the district court failed to apply the principle of liberal construction of the Schneiderman case in which the Supreme Court stated of such loss of citizenship, that:

> "In its consequences it is more serious than a taking of one's property, or the imposition of a fine or other penalty. For it is safe to assert that nowhere in the world today is the right of citizenship of greater worth to an individual than it is in this country. It would be difficult to exaggerate its value and importance. By many it is regarded as the highest hope of civilized men. * * * So, whatever may be the rule in a naturalization proceeding (see United States v. Manzi, 276 U.S. 463, 467, 48 S.Ct. 328, 329, 72 L.Ed. 654), in an action instituted under § 15 for the purpose of depriving one of the precious right of citizenship previously conferred we believe the facts and the law should be construed so far as is reasonably possible in favor of the citizen." Schneiderman v. United States, 320 U.S. 118, 122, 63 S.Ct. 1333, 1335, 87 L.Ed. 1796.

 Nowhere in the statute is it required that one affected by such a decision must be notified thereof. It is the fact of denial which was here determined six days before the Immigration and Nationality Act became the law which is significant.

The district court further held that the above allegation of the complaint fails to state the exact date on which the Vice-Consul denied his application for a passport. Here should be applied the decision of United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. ——, that under the saving clause of the Immigration and Nationality Act the Suda litigation continued as if that Act did not exist. Furthermore it is apparent that, since the amended complaint is deemed filed as of December 22, 1952, its allegation that the Vice-Consul had *then* denied him his application for a passport clearly showed a denial before that date.

The judgment dismissing the complaint is reversed and the district court ordered to consider the case on its merits.