**In the Matter of Petition for Naturalization of Frank A. TIERI, Petitioner-Appellant,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE OF the DEPARTMENT OF JUSTICE, Appellee.**

**No. 318, Docket 34260.**

United States Court of Appeals, Second Circuit.

Argued Dec. 17, 1971.

Decided March 17, 1972.

Elmer Fried, New York City, for petitioner-appellant.

Mary P. Maguire, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., for the E. D. N. Y., David G. Trager, Asst. U. S. Atty., of counsel), for appellee.

Before SMITH, KAUFMAN and MULLIGAN, Circuit Judges.

PER CURIAM:

Frank Tieri appeals from an order entered on July 22, 1969 in the United States District Court for the Eastern District of New York, John F. Dooling, Jr., Judge, denying his petition for naturalization on the ground that he had "not sustained the burden of establishing good moral character during the five years immediately preceding the filing of the petition for naturalization." We find no error and affirm the judgment.

Born in Italy in 1904, petitioner has resided continuously in the United States since his lawful admission for permanent residence at the age of seven. He has been married to an American citizen since 1929. Deportation proceedings instituted against petitioner by the Immigration and Naturalization Service in 1961 were terminated in 1966, whereupon petitioner applied for naturalization pursuant to 8 U.S.C. § 1427(a). Petitioner's application listed six arrests between 1922 and 1959, two of which resulted in convictions, for robbery in 1922, and for bookmaking in 1946. The record of the deportation proceeding revealed that prior to 1953 petitioner had maintained an adulterous relationship with one Mrs. Musso, who bore him two children. Armed with the foregoing information, and apparently motivated in part by the firm but unprovable conviction that petitioner was connected with the "Mafia," the Immigration and Naturalization Service conducted an extensive investigation pursuant to 8 U.S.C. § 1446(a) into petitioner's eligibility for citizenship. Following an order of the district court to complete the investigation and to hold a final hearing (8 U.S.C. § 1447), the designated examiner (8 U.S.C. § 1446(b)) on July 5, 1968 recommended the petition be denied on the ground that petitioner had given false testimony in order to facilitate his naturalization.[1]

Appellant's principal attack, on the role of the designated examiner, is without substance. The designated examiner conducted herself entirely in accordance with the applicable statute (8 U.S.C. § 1446) and its implementing regulation (8 C.F.R. 335.11). Inasmuch as the preliminary examination is not intended to culminate in a determination on the merits at the final hearing,[2] the role of the designated examiner, who is permitted both to conduct the examination in a non-adversary context[3] and to make a non-binding recommendation to the district court, is consistent with due process. Moreover, petitioner made no objection to the designated examiner,

---

1. 8 U.S.C. § 1101(f) (6) provides:
   No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—
   *    *    *    *    *
   (6) one who has given false testimony for the purpose of obtaining any benefits under this chapter;

2. Compare the statute (8 U.S.C. § 1252) and regulation (8 C.F.R. 242) governing deportation proceedings in which the presiding officer does make a determination on the merits. Since petitioner had the opportunity to demand a trial of the law and the facts de novo in the district court, 5 U.S.C. § 554(a) (1) invalidates the analogy petitioner has urged between the instant procedure and 5 U.S.C. § 556.

3. In controlling the course of the examination, the designated examiner reviews all preliminary investigative material, may introduce evidence, issue subpoenas and interrogate witnesses, and rules on all objections to the introduction of evidence, subject to the review of the naturalization court (8 C.F.R. 335.11).

advanced no argument that his case called for the discretionary appointment of an examining officer to present the government's case (8 C.F.R. 335.11(c)), called no witnesses, and failed to request a trial *de novo* in district court (8 U.S.C. § 1447(b))—surely the obvious cure if he believed himself prejudiced before the designated examiner.

At the final hearing in the district court, the government called only one witness, otherwise relying on the record of the preliminary examination and final hearing before the designated examiner, and her recommendation the petition be denied. As we have noted, petitioner did not request a trial *de novo*, nor did he testify or introduce witnesses on his own behalf.

▮ Petitioner's contention that the district court should properly have limited itself to consideration of petitioner's conduct during the statutory period (8 U.S.C. § 1427(a)) has no merit in the light of 8 U.S.C. § 1427(e) which specifically provides that "the court shall not be limited to petitioner's conduct during the five years preceding the filing of the petition, but may take into consideration . . . the petitioner's conduct and acts at any time prior to that period." Petitioner was not condemned for sins of the distant past, nor was an unreasonable burden placed upon him. But his conduct prior to the statutory period was relevant and a proper subject of inquiry to determine whether he had, in effect, reformed. Sittler v. United States, 316 F.2d 312, 314–315 (2d Cir. 1963), cert. denied, 376 U.S. 932, 84 S.Ct. 702, 11 L. Ed.2d 652 (1964). Petitioner failed to measure up to the standard of 8 U.S.C. § 1101(f) (6). That the statutory period for petitioner, married to an American citizen, was three years (8 U.S.C. § 1430(a)) rather than five, was plainly irrelevant to petitioner's failure.

▮ The district court analyzed in detail six specific areas of inquiry before the designated examiner in the light of the undisputed principle that the burden to prove his good moral character rested on petitioner, Berenyi v. District Director, 385 U.S. 630, 637, 87 S.Ct. 666, 17 L.Ed.2d 656 (1967), with any doubts to be resolved against him, United States v. Manzi, 276 U.S. 463, 467, 48 S.Ct. 328, 72 L.Ed. 654 (1928), and found a "pattern of untruth and evasion" mandating denial of the petition. See n. 1, *supra*. Since we are not bound by the evaluation of the credibility of the sole witness before the court below, we have conducted an independent review of the record. Orvis v. Higgins, 180 F.2d 537, 539 (2d Cir.), cert. denied, 340 U.S. 810, 71 S.Ct. 37, 95 L. Ed. 595 (1950). We are persuaded that petitioner persistently attempted to obscure any past conduct which he feared might prove suspicious or embarrassing to his cause, see *Berenyi*, 385 U.S. at 638, 87 S.Ct. 666, and that, accordingly, the district court was not mistaken in discerning a pattern of deception in the whole mosaic of petitioner's testimony.

Judgment affirmed.