### UNITED STATES v. KONEVITCH.
Civil Action No. 1459.

District Court, M. D. Pennsylvania.
Aug. 20, 1946.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for the Government.

Harold R. Prowell, of Harrisburg, Pa., for respondent.

WATSON, District Judge.

This is a proceeding for the cancellation of the Naturalization Certificate of Stephen Daniel Konevitch upon the grounds that such certificate was illegally procured.

The United States Attorney brings this action under the authority of 8 U.S.C.A. § 738(a), which reads as follows: "It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court specified in subsection (a) of section 701 in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground of fraud or on the ground that such order and certificate of naturalization were illegally procured."

Under section 4 of the Act of June 29, 1906, 34 Stat. 596, as amended by section 6 of the Act of March 2, 1929, 45 Stat. 1513, the respondent was required to establish that, during the prescribed period of residence, "he has behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." A basic requirement for admission, therefore, was behavior on the part of the respondent as a person of good moral character for the five year period prior to the filing of his petition, namely, September 2, 1933, to September 2, 1938, and also for the period from the date of the petition up to

252

the time of admission to citizenship December 8, 1942.

 It has been shown by proper evidence that the respondent was convicted on March 24, 1939, of failure to support an illegitimate child which, in itself, precludes any establishment of good moral character. Under the circumstances, the Court's finding at the final hearing that respondent had behaved as a person of good moral character was clearly erroneous. Since one of the substantive pre-requisites to naturalization—behavior as a person of good moral character—was lacking, the order admitting the respondent to citizenship was improperly and illegally entered, and the naturalization was illegally procured within the purview of section 338(a) of the Nationality Act of 1940, 8 U.S.C.A. § 738(a). Respondent's allegation in his answer that all of the facts were known to the Immigration and Naturalization Service, or to the Court, is not relevant, since the illegality is not predicated upon fraudulent concealment but on the failure to establish the substantive requirement of good moral character.

 This Court would not be acting as an appellate court in revoking the order of the court which granted admission to the respondent. Under these circumstances, the Government may attack the order of admission either by appeal or cancellation proceedings. These remedies are cumulative and the Government may select the procedure it desires to pursue. United States v. Ness, 245 U.S. 319, 38 S.Ct. 118, 62 L.Ed. 321.

From the evidence the following facts are found:

1. Respondent filed a petition for citizenship on September 2, 1938, and was admitted to citizenship by the Court of Common Pleas of Dauphin County, Harrisburg, Pennsylvania, on December 8, 1942.

2. Respondent was issued on December 8, 1942, Certificate of Naturalization No. 5236738.

3. Respondent was convicted March 24, 1939, of a charge of "Failure to Support an Illegitimate Child."

4. Respondent did not behave as a person of good moral character during the requisite period prior to his admission to citizenship from September 2, 1933, to December 8, 1942.

Conclusions of Law.

1. The proceedings are proper and within the jurisdiction of this court.

2. The requirements for naturalization were not complied with.

3. The Certificate of Naturalization of Stephen Daniel Konevitch must be cancelled.

It is hereby ordered, adjudged, and decreed that the Certificate of Citizenship No. 5236738, granted to the said Stephen Daniel Konevitch on the 8th day of December, 1942, whereby the said Stephen Daniel Konevitch was admitted to citizenship in the United States of America, be, and the same is hereby, set aside and cancelled.

And it is further ordered that the said respondent surrender the said Certificate of Citizenship to the Commissioner of Immigration and Naturalization.

And it is further ordered that the Clerk of this Court transmit a certified copy of this Order and Decree to the Clerk of the Court of Common Pleas of Dauphin County, Harrisburg, Pennsylvania, who will enter the same of record and cancel such original Certificate of Citizenship upon the records of the said Court.

And it is further ordered that the Clerk of this Court transmit a certified copy of this Order and Decree to the Commissioner of Immigration and Naturalization.

And it is further ordered that, upon the respondent failing to deliver up, within fifteen days from the date of this Order, his Naturalization Certificate, as hereinbefore ordered and directed for cancellation, then, upon the expiration of the said period aforesaid, this decree shall be and become valid and effectual for the cancellation of the said certificate; and, on and after the expiration of the said time, the said Naturalization Certificate shall be null and void.

This order is made without prejudice to the respondent to apply again for citizenship.