## Polkovitz Petition

*Daniel M. Garrahan*, for petitioner.

DIEFENDERFER, J., March 14, 1949.—Petitioner on August 7, 1945, filed his application for naturalization under the general provisions of the Nationality Act of October 14, 1940, 54 Stat. at L. 1137. It appears petitioner was married to one Mary Stubits and that four children were born of this marriage. The wife and mother resides in Europe. Three children are living in

the United States and one is in Europe. Petitioner and his wife were married April 7, 1913, in Northampton, Pa. In 1920 petitioner returned to Hungary, taking his wife and children along. In 1921 he returned alone to the United' States and his wife remained in Hungary. The marriage has never been dissolved. After petitioner returned to the United States he lived with one Elizabeth Hockletge and from this relationship two children were born, to wit: Irene and Hilda, both of whom are over 21 years of age and are living with applicant. Elizabeth Hockletge continues to act as housekeeper in their home in Slatington, Pa.

For a period of over five years and more the evidence would indicate that Elizabeth Hockletge and Hilda and Irene Polkovitz occupy the front bedroom and Joseph Polkovitz occupies the rear bedroom. The evidence furthermore shows that at no time within the five years preceding the filing of the application and up to the present time was there any illicit relationship between the applicant, Joseph Polkovitz, and Elizabeth Hockletge. Two witnesses for the applicant testified that he is a man of good character.

The Government opposes the application on the theory that petitioner has been living in an illicit relationship with Mrs. Hockletge; that petitioner gave false testimony concerning this relationship with her when he filed his petition for naturalization; and that petitioner has failed to support his wife in Europe. By reason of these facts, the Government contends he has failed to sustain the burden of proving good moral character for the period required by the statute and that his petition should, therefore, be denied.

The burden of proof is on petitioner to prove residence and good moral character for at least five years preceding the filing of the petition. He is, therefore, required to prove that he has been a person of good

moral character from at least August 7, 1940, to the present time. See Petition of DeLeo, 75 F. Supp. 896, also United States v. Konevitch, 67 F. Supp. 250. This burden of proof is on petitioner and any doubt must be resolved in favor of the Government: United States v. Manzi, 276 U. S. 463.

Petitioner now denies any illicit relationship with Mrs. Hockletge despite the fact that he made a sworn statement to the naturalization examiner concerning it at the time of the filing of the petition. He testified that he had not had sexual relations with Mrs. Hockletge since the birth of their second child and that, while she and her children still occupied his home, she was only his housekeeper. An insurance policy was involved wherein he had named Elizabeth Hockletge beneficiary, also designating her in the policy as his wife. Applicant now says that he "didn't understand when he (the examiner) asked me something".

From an examination of the testimony, it would appear that the following facts can be and are established: (1) That applicant has not been living in an illicit relationship with Mrs. Hockletge for the five-year period preceding the filing of the application and up to and including the present time; (2) that applicant made contradictory statements under oath concerning this relationship when he filed this petition for naturalization; (3) that petitioner has failed to support his wife in Europe for at least intervals during their separation; (4) that the court is accepting the testimony of petitioner's neighbors that they consider him to be a person of good moral character in spite of indiscretions of applicant in the years prior to the statutory period of five years.

Applicant has the burden of proving good moral character for the period required by the statute. For the period prior thereto this burden has constantly been construed liberally so as to sanction forgiveness after the expiration of five years from the date of a

disbarring misdeed. See Petition of Zele, 140 F. Supp. (2d) 773. While the court does not condone nor approve in any way such indiscretions or actions on the part of applicant, nevertheless it is testimony relative to the five-year period that we are interested in mainly and in this respect the court is of the opinion that applicant has met the burden.

As to the illicit relationship which existed and from which relationship two children were born, it can at least be said for applicant that he has kept these children with the mother and established a home for them. It is a bad situation and the children are victims of unfortunate circumstances. Testimony of the children corroborates the applicant's statements that he is no longer continuing the illicit relationship with Mrs. Hockletge. There is no evidence in this case to show why his wife in Europe does not return and live with applicant in this country. Under the law it is the duty of a wife to maintain her residence with her husband and unless there are circumstances which prevent it, of which there is no testimony, we are at this point unable to have any knowledge why she does not reside with her husband. Applicant has worked for one employer for 45 years. We must balance the misdeeds with the good deeds. The court in its discretion should be sufficiently liberal to feel that applicant has now changed his course of life and has become a reputable citizen. In the case of United States v. Konevitch, supra, the court held "a basic requirement for admission, therefore, was behavior on the part of the respondent as a person of good moral character for the five-year period prior to the filing of his petition, . . . and also for the period from the date of the petition up to the time of admission to citizenship".

Now, March 14, 1949, the exceptions are dismissed and the application of Joseph Polkovitz for citizenship is hereby approved.