**In re Petition for Naturalization of John HALAS.**

No. 224073.

United States District Court
E. D. Pennsylvania.

Oct. 10, 1967.

Filindo B. Masino, Philadelphia, Pa., for petitioner.

Bartholomew J. Rumaker, Philadelphia, Pa., for I. & N. Service.

## MEMORANDUM AND ORDER

DAVIS, District Judge.

The Petitioner, a native of the Ukraine and a national of France, was lawfully admitted to the United States for permanent residence on September 7, 1955, together with his wife and three children. Subsequently, three more children were born. In 1959, however, the petitioner's wife returned to France, with the children, ostensibly for failure to obtain adequate housing.

The petition for naturalization presently under consideration was filed on April 21, 1964, in accordance with Section 316(a) of the Immigration and Nationality Act, 8 U.S.C.A. section 1427. We are asked to determine whether the peti-

tioner has established good moral character during the five year period immediately preceding the filing of the petition for naturalization.[1] The investigation by the Immigration and Naturalization Service has disclosed substantial evidence establishing that the petitioner has failed to adequately support his wife and six children; that there was a very limited effort made on the part of the petitioner to send money to his family in France.[2] When questioned concerning the paucity of payments in fulfillment of this obligation, the petitioner replied that he believed that the children were being partially supported by the Allocation Familie, a government welfare assistance agency. But at the time of active investigation by the Immigration Service, the petitioner became aware that nonsupport constituted adequate ground for denial of his petition. Consequently, the frequency and the amount of payments increased significantly.[3] However, he was not able to demonstrate that the French welfare

allowance was sufficient to maintain his family, or that his spouse was satisfied with the benefits received.[4]

The petitioner has indicated that he has been working steadily, and receiving $90 to $100 per week after taxes, during the period in question, and does not contend that he has been financially unable to fulfill this obligation. He has been building a house which he considers sufficiently large to accommodate his entire family, although his wife has indicated on several occasions that she does not intend to return to the United States.

 The standard which this Court must apply in ascertaining whether the petitioner has demonstrated good moral character has been clearly stated in In re Mayall's Petition, 154 F.Supp. 556, 560 (E.D.Pa.1957):

When Congress is silent on the question, we should see if the petitioner's character coincides with the generally accepted mores or standards of the

---

1. Section 316(a) of the Act, 8 U.S.C.A. section 1427(a), states, in relevant part:
 No person * * * shall be naturalized unless such petitioner * * * (3) during all the [five year] period referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

2. Yearly support payments during the statutory period were as follows:

| Year | Amount |
|------|--------|
| 1959 | $140 |
| 1960 | $235 |
| 1961 | $255 |
| 1962 | $200 |
| 1963 | 0 |
| Total | $840. |

3. Support payments during recent years were as follows:

| Year | Amount |
|------|--------|
| 1964 | $ 0 |
| 1965 | 0 |
| 1966 | $650. |
| 1967 | $350 (to date) |

4. There are three plans under which benefits may be obtained from the Allocation Familie:
 A. Family Allowance. All persons having at least two children are eligible. Under this plan, a mother with 6 dependent children would be entitled to 443.52 francs, or $89.48 per month, at the current exchange rate of $0.2040.
 B. Single Salary Allowance. This plan is reserved for families or single persons who sustain themselves from one income derived from a wage-earning activity. Under this plan, 97.25 francs, or $23.34 could be obtained monthly. This plan is designed solely to augment regular income, and is payable even if the couple have no children, but at a lesser rate.
 C. Allowance for Mother at Home. The wife must devote her activity to the home and education of the children. Under this plan, 97.25 francs, or $23.-34 could be obtained.
 In addition to one of the above, housing allowances may be available, under certain situations. Source: MINISTERE DU TRAVAIL, DIRECTION GENERALE DE LA SECURITE SOCIALE: *Social Security in France.*

average citizen of the community in which the petitioner resides.

We are assisted in our quest for the generally accepted mores or standards of the community by an examination of In re Spak, 164 F.Supp. 257 (E.D.Pa., 1958), wherein the Pennsylvania Support Statute, 18 P.S.Pa. section 4733, was considered as indicative of the necessity of support of the petitioner's dependents. In a factual setting strikingly similar to the instant case, failure to support for the requisite period was considered demonstrative of undesirable moral standards, with resulting denial of the petition for naturalization.[5] See also In re Malaszenko, 204 F.Supp. 744 (D.N.J., 1962) and United States v. Konevitch, 67 F.Supp. 250 (M.D.Pa., 1946).

 Had the petitioner made a sincere effort to fulfill his obligation, which is moral as well as legal, we would be more disposed to favorably consider his petition. Although it is clear that we do not require perfection from our new citizens, Klig v. United States, 296 F.2d 343, 346 (2nd Cir. 1961), the statutory standard of "good moral character" does require that some minimum essential criteria be met. Total payments of $840 over the period of five years under consideration does not constitute adequate fulfillment of the petitioner's duty to support his wife and children.

 But since the petitioner had demonstrated in recent years that a more substantial effort is being made to furnish support, an opportunity should be furnished for reconsideration. Consequently, the petition for naturalization is hereby denied, but without prejudice for resubmission at some future date.

It is so ordered.

---

5. In *Spak*, the petitioner had failed to contribute to the support of his child until the investigation by the Immigration and Naturalization Service had commenced. Responsibility for support was admitted, but the petitioner believed that a charity had agreed to fulfill this obligation. There was no question that the petitioner had some ability to pay during the entire period under consideration.