## LAKEBO· v. CARR, District Director of Immigration, etc.

### No. 9411.

Circuit Court of Appeals, Ninth Circuit.

May 1, 1940.

P. V. Davis, of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the District Court in a naturalization proceeding denying the petition of the appellant, Simon Olson Lakebo, for naturalization. The denial was based upon the fact that a previous application for naturalization had been denied by the United States District Court for the Western District of Washington at Tacoma on October 6, 1925, upon the ground that the appellant had "claimed exemption from military service on the grounds of alienage and offered to surrender his first papers, thus debarring him forever from becoming a citizen of the United States". The denial was based upon 8 U.S.C.A. § 366, which provides that an alien who had declared his intention to become a citizen of the United States might claim exemption from military service and withdraw his declaration of intention to become a citizen of the United States but that if he did so he should be perpetually disqualified from becoming a citizen of the United States.

The appellant first declared his intention of becoming a citizen of the United States on May 13, 1909. This application became ineffectual on May 13, 1916 (8 U.S.C.A. § 379, 34 Stat. 596, c. 3592, § 4), by reason of the expiration of more than seven years. The appellant contends that any attempt thereafter on his part to withdraw his declaration was of no effect and that because seven years had expired at the time he claimed exemption he was not liable for military service, consequently, it was not necessary for him to claim exemption or to withdraw his declaration of intention and, therefore, the judgment of October 6, 1925, denying him citizenship because of such ineffective acts was erroneous and beyond the jurisdiction of the court.

On December 31, 1918, appellant filed another declaration of intention and applied for naturalization October 6, 1925. This petition was denied upon the grounds above stated. On May 6, 1933 appellant again filed a declaration of intention in the United States District Court at Los Angeles, California, and on September 28, 1938 filed his petition for naturalization which was denied by the trial court upon the ground that the previous decision by the United States District Court for the Western District of Washington was res judicata. From this decision this appeal is taken.

Appellant not only claims that he was not liable for military service and could not effectively withdraw his declaration of intention to become a citizen which had expired May 13, 1916, but also that he did not claim exemption in the manner and form provided by statute for claiming such exemption, because such claim was not made on the forms prescribed by the President for that purpose (8 U.S.C.A. § 366). If these questions were determined adversely to the appellant by the District Court of the United States for the Western District of Washington upon his former application for naturalization they cannot be considered here no matter how meritorious such claims may be. That order had the force and effect of a judgment of a court of competent jurisdiction. Spratt v. Spratt, 4 Pet. 393, 408, 7 L.Ed. 897; Tutun v. U. S., 270 U.S. 568, 46 S.Ct. 425, 70 L.Ed. 738. To permit a consideration thereof in this subsequent and independent application for citizenship would be to permit a collateral attack upon the judgment of the District Court for the Western District of Washington denying the appellant's application for citizenship.

We see no escape from the proposition that the appellant is bound conclusively by that decision in his collateral attack. It is clear that the court, in the consideration of the application for naturalization made to it by the appellant in the Western District of Washington, was authorized to consider and did consider the question as to whether or not the appellant had committed an act or made a claim which deprived him of the benefits of his declaration of intention or which prohibited the court from granting naturalization.

 No formal answer is required to be made in a naturalization proceeding on behalf of the government. The applicant's petition raises all relevant issues, and the burden is upon him to prove his right to naturalization. The order of the District Court denying his application discloses the reason upon which it is based and makes the necessary finding of fact to sustain its conclusion, namely, that the applicant had claimed exemption from military service on the ground of his alienage. Such a conclusion and finding by a court having jurisdiction is conclusive in any collateral attack thereon. The court had jurisdiction. 34 Stat. 596, §§ 3, 9, 8 U.S.C.A. §§ 357, 398; Spratt v. Spratt, supra; Tutun v. United States, supra.

Appellant claims that the order of the District Court of the United States for the Western District of Washington denying his application for naturalization, so far as it purports to perpetually disbar him from citizenship was outside the issues, that it was not based upon any defense interposed by the government and that he had no notice of the intention of the government to move for his perpetual disbarment and therefore the legal effect of the judgment does not involve conclusive determination of that point, citing, Russell v. Place, 94 U.S. 606, 24 L.Ed. 214.

 One of the questions raised by the petition was the existence of a valid and unexpired declaration of his intention to become a citizen. Therefore, the question as to whether or not he had withdrawn his declaration ws necessarily involved. That he had withdrawn his declaration for the purpose of securing exemption from military service in the armies of the United States was a question necessarily involved in the determination of his application. The decision of the court upon these questions of fact was within the issues raised by the application and the decision thereon involved the conclusion as a matter of law that the appellant would be perpetually debarred from the right to become a citizen. It was altogether immaterial whether or not the formal order denying citizenship stated the conclusion of law which resulted from the facts found, namely, that the applicant was by his conduct perpetually debarred from United States citizenship.

Affirmed.