## ALLAN v. UNITED STATES.
### No. 9522.

Circuit Court of Appeals, Ninth Circuit.
Nov. 15, 1940.

Gallagher, Wirin & Johnson and A. L. Wirin, all of Los Angeles, Cal. (Charles J. Katz and J. Allan Frankel, both of Los Angeles, Cal., of counsel), for appellant.

Ben Harrison, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN and MATHEWS, Circuit Judges, and McCORMICK, District Judge.

DENMAN, Circuit Judge.

This is an appeal from a judgment denying appellant's petition for naturalization. The petition tendered two issues of fact, (1) that petitioner was attached to the principles of the Constitution and (2) that he was well disposed towards the good order and happiness of the United States.

At the hearing the testimony was all viva voce. Upon consideration of the petition and the evidence submitted, the court specifically found against petitioner on both the tendered issues of fact and judgment was entered denying the petition. Appellant contends that the evidence does not warrant the findings.

The burden of proof on appellant is to show a mental condition, i. e., his *attachment* to the principles of the Constitution and possession of a certain *disposition* towards the good order and happiness of the United States. Obviously, the petitioner's testimony concerning his mental attitude is of primary importance in establishing his burden of proof. The trial judge must not only hear but he must believe the petitioner is telling the truth about himself.

The record shows a sharp conflict of testimony of a certain witness as to what petition said in her presence and his testimony denying her statements. They were material statements relative to his disposition towards the United States. Petitioner stated he was not a Communist and, though believing in many of the principles of Communism, he was opposed to violence. The witness testified petitioner had stated to her when passing a large estate, known as the "Nelson Estate", "There is one place that is going up in smoke one of these days," and that when she asked him what he meant by this statement he replied, "They have got just a little too much money." On the same evening, following this ride, this witness testified that petitioner had told her they only needed a few hundred more Communist members and that there would then be a revolution in the United States and things would be changed. She stated that he had told her many times that he believed in Communism, and that on one occasion she had asked him why he didn't join the Communists and he had answered, "I can't because I am not a citizen but when I become a citizen I will join the Communists." Petitioner denied making these statements.

The demeanor of both these persons was under the surveillance of the trial judge. He may well have concluded that the adverse witness exactly described what petitioner said and that petitioner uttered falsehoods in his denials and that, being false in one or more material statements under oath, he was not telling the truth in the remainder of his testimony. This elemental concept has its expression in the California Code of Civil Procedure of which section 2061 requires the court on

 

"proper occasions" to instruct the jury "That a witness false in one part of his testimony is to be distrusted in others."

Petitioner contends that assuming all the adverse testimony is true, it does not warrant a denial of the petition. What we have said shows this contention to be irrelevant. In view of the inferences against the veracity of petitioner which the trial court may have drawn, we cannot say that the finding that petitioner failed to establish he had the required attachment and disposition and the judgment based thereon are clearly erroneous.

Affirmed.