## WIXMAN v. UNITED STATES.
### No. 11599.

Circuit Court of Appeals, Ninth Circuit.
May 4, 1948.

Rehearing Denied June 5, 1948.

The petition was filed pursuant to the Nationality Act of 1940, 8 U.S.C.A. § 501 et seq. Subsection (a) of § 307 of the Act, 8 U.S.C.A. § 707, provides that, with inapplicable exceptions, "No person * * * shall be naturalized unless such petitioner, (1) immediately preceding the date of filing petition for naturalization has resided continuously within the United States for at least five years and within the State in which the petitioner resided at the time of filing the petition for at least six months, (2) has resided continuously within the United States from the date of the petition up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is * * * attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

Appellant's petition stated: "I am, and have been during all of the periods required by law,[1] attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States." On the ground that appellant was not so attached or so disposed, appellee, the United States, objected to his naturalization.

Pursuant to § 334 of the Act, 8 U.S.C.A. § 734, a final hearing on appellant's petition was had in open court before a judge thereof, commencing on January 24, 1947, and ending on February 5, 1947. The witnesses—31 for appellant and 9 for appellee—were examined under oath before and in the presence of the court and judge. On the issue as to whether appellant, during the periods referred to in subsection (a) of § 307 of the Act, 8 U.S.C.A. § 707,[2] was attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States, the evidence was conflicting. There was evidence tending to show that he was so attached and so disposed and evidence tending to show that he was not so attached or so disposed. The court resolved

Wirin, Kido & Okrand, A. L. Wirin, Fred Okrand, Leo Gallagher and Herbert Ganahl, all of Los Angeles, Cal. (Arthur Garfield Hays, Osmond K. Fraenkel and Nanette Dembitz, Counsel, American Civil Liberties Union, all of New York City, of counsel), for appellant.

James M. Carter, U. S. Atty., Ronald Walker and Paul Fitting, Asst. U. S. Attys, all of Los Angeles, Cal., Bruce G. Barber, District Adjudications Officer, Immigration and Naturalization Service, of Los Angeles Cal., on the brief), for appellee.

Before MATHEWS, BONE, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment denying a petition for naturalization filed by appellant, Shulim Wixman, also known as Samuel Morris Wixman, who was born in Russia on March 25, 1900, and entered the United States under the name of Scholem Wieseman on July 16, 1911. The petition was filed on September 25, 1945, and was denied on February 7, 1947.

[1] Meaning, obviously, the periods referred to in subsection (a) of § 307 of the Act, 8 U.S.C.A. § 707.

[2] In this case, the periods referred to included the period from September 25, 1940, to September 25, 1945, and the period from September 25, 1945, to February 5, 1947.

the conflict in favor of appellee and against appellant. Hence the judgment here appealed from.

■ As required by our Rule 19(6),[3] appellant, upon filing the record in this court, filed with the clerk a statement of the points on which he intended to rely on the appeal and designated the parts of the record which he thought necessary for the consideration thereof. Three points were stated. Point 1 is that "The denial of the petition and the judgment thereon denies to the appellant his right of freedom of speech within the meaning of the First Amendment to the United States Constitution." Point 2 is that "The denial of the petition and the judgment thereon by the District Court abridges appellant's right to freedom of thought and freedom of opinion within the meaning of the 'clear and present danger' rule." There is no merit in either of these points. The denial of the petition does not, nor does the judgment thereon, deny to appellant his right to freedom of speech or abridge his right to freedom of thought or freedom of opinion. None of these rights is in any way affected by the denial of the petition or the judgment thereon.

Point 3 is that "The denial of the petition and the judgment thereon by the District Court is not supported by the evidence." There is no merit in this point. The denial of the petition and the judgment thereon are supported by substantial evidence—evidence tending to show that appellant, during the periods referred to in subsection (a) of § 307 of the Act, 8 U.S.C.A. § 707, was not attached to the principles of the Constitution of the United States and was not well disposed to the good order and happiness of the United States.

■ This being a naturalization proceeding—a proceeding for admission to citizenship—the court was not required to "find the facts specially," as would have been required had this been a civil action.[4] The court did, however, indicate its findings in an oral opinion delivered from the bench on February 5, 1947. In that opinion, the court held, and properly so, that appellant had the burden of proving that, during the periods referred to in subsection (a) of § 307 of the Act, 8 U.S.C.A. § 707, he was attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States.[5] The court then stated, in the same opinion, that it did not believe that it could conclude that appellant had sustained his burden of proof. In the judgment, entered two days later, the court stated that it had concluded that appellant had not "established" his burden of proof. Thus, in effect, the court found that appellant, during the periods referred to in subsection (a) of § 307 of the Act, 8 U.S.C.A. § 707, was not attached to the principles of the Constitution of the United States and was not well disposed to the good order and happiness of the United States.

Remembering, as we must, that the evidence was conflicting; that the court below had the advantage, which we have not had, of hearing, seeing and observing the witnesses; that appellant's burden of proof was a heavy one; and that doubts were required to be resolved in appellee's favor,[6] we cannot say that the finding was wrong.

3 Rule 19(6) provides: "The appellant shall, upon the filing of the record in this court, in all cases, * * * file with the clerk a concise statement of the points on which he intends to rely on the appeal, and designate the parts of the record which he thinks necessary for the consideration thereof, and forthwith serve on the adverse party a copy of such statement and designation. The adverse party, within 10 days thereafter, may designate in writing, filed with the clerk, additional parts of the record which he thinks material; * * * If parts of the record shall be so designated by one or both of the parties, * * * the clerk shall print those parts only; and the court will consider nothing but those parts of the record and the points so stated. * * *"

4 See Rules 52(a) and 81(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

5 United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302; Lakebo v. Carr, 9 Cir., 111 F.2d 732; Allan v. United States, 9 Cir., 115 F.2d 804.

6 United States v. Manzi, 276 U.S. 463, 48 S.Ct. 328, 72 L.Ed. 654; United States v. Schwimmer, supra; United States v. MacIntosh, supra.

Denaturalization cases[7] and deportation cases[8] cited by appellant are not in point here, for this is neither a denaturalization case nor a deportaion case.

Judgment affirmed.

[7] Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796; Baumgartner v. United States, 322 U.S. 605, 64 S.Ct. 1240, 88 L.Ed. 1525.

[8] Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103; Delgadillo v. Carmichael, 332 U.S. 388, 68 S.Ct. 10; Fong Haw Tan v. Phelan, 333 U.S. 6, 68 S.Ct. 374.