## TAUCHEN v. BARBER.

### No. 12457.

United States Court of Appeals
Ninth Circuit.

June 30, 1950.

Theodore H. Lassagne, San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., Edgar R. Bonsall, Asst. U. S. Atty., Macklin Fleming, Asst. U. S. Atty., San Francisco, Cal., Stanley Johnston, Atty., Adjudications Division, U. S. Immigration & Naturalization Service, San Francisco, Cal., on the brief, for appellee.

Before. HEALY, Circuit Judge, and MATHES and DRIVER, District Judges.

MATHES, District Judge.

A designated examiner of the Immigration and Naturalization Service recommended after preliminary hearing, 8 U.S.C.A. § 733, that the petition for naturalization of Kurt Adolph Tauchen be denied for "failure to establish that he has been attached to the principles of the Constitution." 8 U.S.C.A. § 707(a). From the district court decision upholding the examiner's recommendation, petitioner brings this appeal.

Tauchen, a German-born, naturalized citizen of Great Britain, lawfully entered this country for permanent residence in 1938, and in 1940 filed his declaration of intention to become a United States citizen. 8 U.S.C.A. § 731. On May 6, 1947 he petitioned for naturalization. 8 U.S.C.A. § 732.

The examiner's findings on preliminary hearing required to be submitted to the court, 8 U.S.C.A. § 733(b), state that "On December 9, 1941 * * * [petitioner] was apprehended as a potentially dangerous alien enemy and * * * interned * * *. On December 7, 1943 he was paroled and effective November 15, 1945 his parole was terminated"; that "While in internment he stated that he would not bear arms [a]gainst Great Britain and Germany"; that "He is not a conscientious objector but put his refusal on the grounds that, despite his objections, he had been classified as a German and * * * alien enemy * * * He would not bear arms against Great Britain because it might be treason."

At the final hearing, 8 U.S.C.A. § 734, petitioner admitted making the statements and explained " * * * before I was interned I was asked on repeated occasions if I was willing to bear arms against Germany and every occasion I answered in the affirmative. But after I was officially classified as a German, I was interned for two years as a German National. Then I thought if I answered the question in the affirmative I would be guilty of treason. That was also the reason in the case of Great Britain."

The Government's opposition "is entirely based upon the statement * * * he

would not bear arms against either England or Germany."

Findings of fact and conclusions of law, Fed.R.Civ.P. 52, 28 U.S.C.A., were not made. Fed.R.Civ.P. 81(a) (2); 8 U.S.C.A. § 733(b). However, it appears from the trial court's order on petitioner's motion "to alter the judgment by granting the petition" that the basis of finding "lack of attachment" was that the statements as to bearing arms were "unequivocal" when made; i. e., the explanation that petitioner feared he might be guilty of treason by declaring willingness to bear arms against Great Britain or Germany was not offered to qualify his statements at the time the statements were made.

The Government conceded at the bar upon oral argument that the record is ambiguous as to whether Tauchen's statements were "unequivocal" when made; also as to whether the statements in question were in fact made during the five-year period preceding filing the petition. 8 U.S.C.A. § 707. The observation may well be added that United States v. Schwimmer, 1929, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889, and United States v. Macintosh, 1931, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302, relied upon by the government and cited in the trial court's order, have been overruled. See Girouard v. United States, 1946, 328 U.S. 61, 66 S.Ct. 826, 90 L.Ed. 1084.

It sometimes happens that an applicant for citizenship can offer no more than a declaration of faith to meet the burden which rests upon him to prove that he is "attached to the principles of the Constitution [of the United States,] and * * * well disposed towards the good order and happiness of the United States." Allan v. United States, 9 Cir., 1940, 115 F.2d 804; Lakebo v. Carr, 9 Cir., 1940, 111 F.2d 732, 734; 8 U.S.C.A. § 707(a).

Attachment to the Constitution is an especially nebulous concept, not easy of definition. See Girouard v. United States, supra, 328 U.S. 61, 66 S.Ct. 826, 90 L.Ed. 1084; Stasiukevich v. Nicolls, 1 Cir., 1948, 168 F.2d 474; United States v. Rossler, 2 Cir., 1944, 144 F.2d 463. "By the very generality of the terms employed it is evident that Congress intended an elastic test * * *." Schneiderman v. United States, 1943, 320 U.S. 118, 139, 63 S.Ct. 1333, 1343, 87 L.Ed. 1796.

These considerations and the admittedly ambiguous findings presented by the designated examiner, 8 U.S.C.A. § 733, render it desirable that the trial court be given opportunity to reconsider the petition in the light of a full disclosure of facts. See Stasiukevich v. Nicholls, supra, 168 F.2d 474, 478; cf. Wixman v. United States, 9 Cir., 1948, 167 F.2d 808, reversed 1948, 335 U.S. 874, 69 S.Ct. 233, 93 L.Ed. 417.

The orders of the district court dated October 14, 1949, and December 8, 1949, are accordingly vacated, 28 U.S.C.A. § 2106; cf. Bryan v. United States, 1950, 338 U.S. 552, 70 S.Ct. 317, and the cause remanded for further proceedings on the petition for naturalization as provided in §§ 333 and 334 of the Nationality Act of 1940, 8 U.S.C.A. §§ 733, 734.