**In the Matter of the Petition of Diana Lord WILLIAMS to be Admitted a Citizen of the United States of America.**

No. 108–P–15289.

United States District Court, D. Arizona.

Aug. 2, 1979.

Charles J. Sanders, Gen. Atty., Immigration & Naturalization Service, Phoenix, Ariz., for the United States.

Diana Lord Williams, in pro per.

## OPINION AND ORDER

MUECKE, Chief Judge.

Petitioner, Diana Lord Williams, filed a petition for naturalization, pursuant to Section 316(a) of the Immigration and Nationality Act [1], on April 19, 1978. The petition stated that Miss Williams was a native and national of Panama and that she was born January 13, 1950. Petitioner states that she was initially admitted to the United States for permanent residence on June 27, 1963 and has since resided in this country. The naturalization examiner opposes her petition on the grounds that she is not attached to the principles of the Constitution of the United States, that she is not well disposed to the good order and happiness of the United States, and that she is unwilling to take the oath of allegiance [2], either as set forth in the Act or as modified for persons unwilling to take the full oath for religious reasons, as required by § 316(a) of the Act.

In hearings before the examiner, Charles J. Sanders, the petitioner stated under oath that she believed in the Constitution of the United States and the form of government of the United States; that she has never been arrested but that she would not take the oath of allegiance, especially the part referring to bearing arms and performing non-combatant services in the Armed Forces. Petitioner states that she has mental reservations about taking the oath in any form and stated that she would only obey those laws that did not conflict with her religious beliefs.

---

1. 8 U.S.C. § 1427.

2. 8 U.S.C. § 1448.

The petitioner, a Jehovah's Witness, states that her religious beliefs and training prevent her from voting, becoming active in politics, serving on a jury, bearing arms, or serving in civilian service deemed to be of national importance.

Petitioner appears sincere in her religious beliefs and the examiner has not challenged those beliefs. However, he contends that her unwillingness to take the oath of allegiance (either full or modified), shows that she has not established that she meets the requirements to be naturalized. He contends that she is not "well disposed to the good order and happiness of the United States" and that she is not "attached to the principles of the Constitution of the United States" and, therefore, as a matter of law, that she is ineligible for citizenship.

This Court has jurisdiction to hear this case pursuant to § 310 of the Immigration and Nationality Act [3].

Section 316(a) [4] of the Act provides, in part, that "no person, . . . shall be naturalized, unless such petitioner . . . (3) . . . has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

■ Petitioner has the burden of establishing that she complies with all the statutory requirements of citizenship. *Berenyi v. District Director*, 385 U.S. 630, 87 S.Ct. 666, 17 L.Ed.2d 656 (1967); *Kovacs v. United States*, 476 F.2d 843 (2d Cir. 1973).

The courts have held that attachment and favorable disposition as used in the statute relate to mental attitudes. *Allan v. United States*, 115 F.2d 804 (9th Cir. 1940). However, the courts have also noted that patriotism ". . . is not a condition of naturalization" and "that attachment is not addressed to the heart, demands no affection for or even approval of a democratic system of government, but merely an acceptance of the fundamental political habits and attitudes which here prevail, and a willingness to obey the laws which may result from them." *United States v. Rossler*, 144 F.2d 463 at p. 465 (2d Cir. 1944).

Section 337 of the Act requires that an oath of allegiance be taken as a condition to the granting of citizenship. There is, however, a modified oath to be given where the petitioner is unable for religious grounds to take the full oath.

Section 337 of the Immigration and Nationality Act [5], provides that a petitioner for naturalization must take an Oath of Allegiance in open court (1) to support the Constitution of the United States; (2) to renounce and abjure absolutely and entirely all allegiance and fidelity to any foreign prince, potentate or sovereignty of whom or which the petitioner was before a subject or citizen; (3) to support and defend the Constitution and the laws of the United States against all enemies, foreign and domestic; (4) to bear true faith and allegiance to the same; (5) (a) to bear arms on behalf of the United States when required by the law, (b) to perform non-combatant services in the armed forces of the United States when required by the law, (c) to perform work of national importance under civilian direction when required by the law, all of this to be assumed without mental reservation or purpose of evasion.

Although attachment and favorable disposition generally contemplates a willingness to vote, serve on a jury, hold public office or otherwise participate in affairs of the government, petitions have been granted to those people who refuse to perform these obligations based on religious beliefs and training. *In re Pisciattano*, 308 F.Supp. 818 (D.Conn.1970); *United States v. Hillyard*, 52 F.Supp. 612 (E.D.Wash.1943). In *Hillyard*, the court decided that a Jehovah's Witness may be excused from jury duty on religious grounds.

As to the refusal to bear arms, the Court, *In re Petition of Battle*, 379 F.Supp. 334 (E.D.N.Y.1974) found that a petitioner who

**3.** 8 U.S.C. § 1427.

**4.** 8 U.S.C. § 1421.

**5.** 8 U.S.C. § 1448.

was opposed to any type of service in the Armed Forces of the United States by reason of religious training and belief, could take the oath as modified and become a citizen. See also *In re Pisciattano*, supra. These courts held that attachment has been shown even though the petitioners were unwilling to take the portions of the oath regarding the bearing of arms, performing non-combatant service in the Armed Forces or participate in the usual moral obligations of citizenship. In both of these cases the petitioners were willing to take the oath as modified and stated that they would obey the laws of the United States. In this case, the petitioner has stated under oath that she will decide which laws she will obey and will not take the oath of allegiance. The Supreme Court has held that the oath may be modified as to bearing arms on the grounds of religious training and beliefs, *Girouard v. United States*, 328 U.S. 61, 66 S.Ct. 826, 90 L.Ed. 1084 (1946), and these modifications have been upheld in *Welsh v. United States*, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), and *United States v. Seeger*, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). Here, however, the petitioner is not only unwilling to take the full oath of allegiance but has refused to take the modified oath as allowed for religious reasons.

■■ It is, therefore, apparent that the Immigration and Nationality Act requires that a person be "attached" to the principles of the Constitution as well as willing to take the oath of allegiance without mental reservations. In the instant case, the petitioner not only refuses to perform the moral obligations of citizenship, but expresses an intention to disobey any law which conflicts with her Christian conscience and interpretation of the Bible, irrespective of the nature or subject matter of such law. Petitioner, therefore, is unable to take the oath of allegiance without mental reservations as to the pledge contained therein to support the laws of the United States. This would

evidence an intent on the part of the petitioner to violate a basic tenet of citizenship—to obey the laws of the land—and shows that petitioner has failed to establish that she meets the "attachment" and "favorable disposition" requirements. As the court pointed out in the case of *In re Mac-Kay*, 71 F.Supp. 397 (N.D.Ind.1947), "An applicant for citizenship cannot bargain and specify his terms for citizenship." Naturalization is clearly a privilege to be given or withheld as Congress shall determine [6] and petitioner has failed to meet the requirements set out by Congress.

Accordingly, IT IS HEREBY ORDERED that the petition for naturalization, No. 108–P–15289, is denied and the findings of fact and conclusions of law of the examiner are adopted.

---

6. United States Constitution, Article I, Section 8; *United States v. MacIntosh*, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302 (1931).