### In re Petition for Naturalization of Juana Mabel Clavijo DE BELLIS.

### No. 246079.

United States District Court,
E. D. Pennsylvania.

July 15, 1980.

Filindo B. Masino, Philadelphia, Pa., for petitioner.

Kenneth W. DeConti, Alan M. Lubiner, Immigration and Naturalization, Philadelphia, Pa., for United States Dept. of Justice.

## OPINION

DITTER, District Judge.

Juana Mabel Clavijo De Bellis, a Jehovah's Witness, petitioned for naturalization stating that she was admitted to this country as a permanent resident on July 18, 1966, and has resided here continuously since that date. The naturalization examiner conducted a preliminary investigation pursuant to section 335 of the Immigration and Nationality Act (Act), 8 U.S.C. § 1446, and recommended that naturalization be denied on the ground that Mrs. De Bellis

could not take the prescribed oath of allegiance without any mental reservation, as required by section 337(a) of the Act, 8 U.S.C. § 1448(a). I agree with the examiner's recommendation and, accordingly, shall deny the petition.

■ Persons seeking to become naturalized citizens of the United States have the burden of proving that they have complied with all of the statutory eligibility requirements; any doubts should be resolved in favor of the United States and against the petitioner. *Berenyi v. District Director*, 385 U.S. 630, 636–37, 87 S.Ct. 666, 670–71, 17 L.Ed.2d 656 (1967). One statutory requirement is set forth in section 337(a) of the Act, 8 U.S.C. § 1448(a), which provides that those who petition for naturalization must take an oath of renunciation and allegiance

(1) to support the Constitution of the United States; (2) to renounce and abjur absolutely and entirely all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty of whom or which the petitioner was before a subject or citizen; (3) to support and defend the Constitution and laws of the United States against all enemies, foreign and domestic; (4) to bear true faith and allegiance to the same; and (5) (A) to bear arms on behalf of the United States when required by law, or (B) to perform non-combatant service in the Armed Forces of the United States when required by law, or (C) to perform work of national importance under civilian direction when required by law.

In addition to these five clauses of the oath, the regulations promulgated pursuant to section 337 provide that the oath must be taken "freely without any mental reservation." 8 C.F.R. § 337.1.

In this case, there is no dispute that petitioner can freely take the oath of allegiance with regard to the substance of clauses (1) to (4).[1] With regard to clause (5), however, petitioner testified that as a Jehovah's Witness, she could not swear to the substance of clauses 5(A) or 5(B), *i. e.*, to bear arms on behalf of the United States or perform non-combatant service in the Armed Forces of the United States when required by law. Under section 337(a) of the Act, 8 U.S.C. § 1448(a), where a petitioner is unable for religious reasons to take the full oath of allegiance, a modified oath may be given.[2] The modified oath consists of clauses (1) to (4) and clause 5(C), which provides that a petitioner must swear "to perform work of national importance when required by law." However, petitioner cannot subscribe to even the modified version of the full oath of allegiance without any mental reservation.

At her preliminary investigation, petitioner testified that she would be willing to swear in open court to perform work of national importance when required by law but *only* "if it is not as a substitute for military service." Petitioner further stated that she herself would decide if such work of national importance under civilian direction was or was not a substitute for military service. Finally, petitioner stated that she would obey only those laws which

---

1. Petitioner testified under oath at her preliminary investigation before the naturalization examiner that, if granted citizenship, her religious beliefs as a Jehovah's Witness would preclude her from voting, holding public office, serving on a jury in either criminal or civil cases, saluting the American flag, or owing allegiance to any country, including the United States. Although some courts have held that a prospective citizen who desires not to participate in certain governmental acts and activities is not "attached to the principles of the Constitution of the United States," as required by section 316(a) of the Act, 8 U.S.C. § 1427(a), *see, e. g., In re Matz*, 296 F.Supp. 927 (E.D.Ca.1969), I believe that petitioner's intended refusal to participate in these governmental acts and activi-

ties alone should not preclude her naturalization. *See In re Battle*, 379 F.Supp. 334 (E.D.N.Y.1974); *In re Pisciattano*, 308 F.Supp. 818 (D.Conn.1970).

2. In order to qualify to take the modified oath under section 337(a), petitioner must show by "clear and convincing" evidence that she is opposed to any type of service in the Armed Forces of the United States "by reason of her religious training and belief." The naturalization examiner found that petitioner had clearly made such a showing and, after a hearing in open court in which Mrs. De Bellis testified, I am in complete agreement with this determination.

she decides are consonant with her religious beliefs.

█ Petitioner's refusal to take the modified oath of allegiance *without further qualification* is fatal to her petition for naturalization. One "cannot bargain and specify his terms for citizenship." *In re Mac-Kay*, 71 F.Supp. 397, 400 (N.D.Ind.1947). Congress has set out certain specific statutory requirements for citizenship and, since the burden is on petitioner to show compliance with them, they should be carefully followed. This is especially so in this case because petitioner is required to take only a modified oath of allegiance and as the court stated in *In re Matz*, 296 F.Supp. 927, 933 (E.D.Ca.1969), "[t]he present requirement of 'work of national importance under civilian direction' is sufficiently tolerant toward conscientious objectors that it must be strictly adhered to." Here, petitioner has stated that she will swear to the modified oath only if she can qualify it. In my view, this amounts to a sufficient mental reservation to preclude her naturalization. *See In re Williams*, 474 F.Supp. 384, 387 (D.Ariz. 1979), where, under facts virtually identical to those in the case at bar, the court denied a Jehovah's Witness' petition for naturalization, declaring that "[n]aturalization is clearly a privilege to be given or withheld as Congress shall determine and petitioner has failed to meet the requirements set out by Congress."[3]

Petitioner contends that *In re Battle*, 379 F.Supp. 334 (E.D.N.Y.1974), and *In re Pisciattano*, 308 F.Supp. 818 (D.Conn.1970), support her petition for naturalization. I do not agree. Both *Pisciattano* and *Battle* involved petitioners who were also Jehovah's Witnesses and were opposed to any type of service in the Armed Forces of the United States because of their religious

training and beliefs. In both cases, petitioners were granted naturalization because they were willing to take the modified oath of allegiance and to obey the laws of the United States. In this case, petitioner has testified that she alone will decide which laws she will obey and that she will not take the modified oath without qualification.

Petitioner also relies on *In re Ramadass*, 445 Pa. 86, 284 A.2d 133 (1971), in support of her petition. In *Ramadass*, petitioner stated that he was willing to perform work of national importance under civilian direction when required by law, even as a substitute for military service, so long as it was not in the military area. Here, petitioner testified that she would not perform *any* type of work of national importance, whether in the military area or not, if such work was a substitute for military service. Therefore, *Ramadass* is distinguishable from the instant case.

Plaintiff explained her philosophy by referring to the Bible, John 17:16 and James 1:27. Perhaps Congress, when it enacted the naturalization statutes, had Luke 11:21 to 23 in mind. I do not know, but in any event, since petitioner cannot take the oath without mental reservation, naturalization must be denied.

---

**3.** Petitioner's refusal to swear "to perform work of national importance under civilian direction when required by law" places in doubt petitioner's ability to help in defending this country and may, in fact, indirectly aid potential enemies of the United States. As the Court stated in *Girouard v. United States*, 328 U.S. 61, 64, 66 S.Ct. 826, 827, 90 L.Ed. 1084 (1946):

The bearing of arms, important as it is, is not the only way in which our institutions may be supported and defended, even in times of great peril. Total war in its modern form dramatizes as never before the great cooperative effort necessary for victory. . . . One may serve his country faithfully and devotedly, though his religious scruples make it impossible for him to shoulder a rifle.