**In re Petition for NATURALIZATION OF Fernando DEL OLMO.**

**No. 47003.**

United States District Court, D. Oregon.

March 31, 1988.

490

Virginia Miller Bedor, McEwen, Gisvold, Rankin & Stewart, Portland, Or., for petitioner.

Carl R. Houseman, Acting Dist. Director, Robert Solmonson, Dist. Counsel, U.S. I.N.S., Portland, Or., for respondent.

## OPINION

MARSH, District Judge.

A hearing relating to petitioner Fernando Del Olmo's application for naturalization was held on February 8, 1988. Petitioner testified at the hearing and was cross-examined by the Immigration and Nationalization Service's (INS) counsel. The INS produced no witnesses but submitted documentary evidence in support of its recommendation that the petition for naturalization be denied. At the conclusion of the hearing, the court took the matter under advisement. I have given this matter a *de* novo review. *See* 8 U.S.C. § 1447; *Kovacs v. United States,* 476 F.2d 843, 844 (2nd Cir.1973); *Application of Murra,* 178 F.2d 670, 672 (7th Cir.1949); *Petition of Bashan,* 530 F.Supp. 115, 118 (S.D.N.Y.1982). The following constitutes my findings of fact and conclusions of law.

## BACKGROUND

It is uncontested that petitioner, by reason of his religious training and belief, cannot take the full oath of allegiance set forth in 8 U.S.C. § 1448(a). The issue presented is whether petitioner can take the qualified oath of allegiance without mental reservation. The qualified oath requires petitioner to take an oath in open court to (1) support the Constitution of the United States; (2) to renounce and abjure absolutely and entirely all allegiance and fidelity to any foreign sovereignty; (3) to support and defend the Constitution and the laws of the United States; (4) to bear true faith and allegiance to the same; and (5) to perform work of national importance under civilian direction when required by the law. 8 U.S.C. § 1448(a).

The Government contends that petitioner cannot take the qualified oath of allegiance without mental reservation because he stated at the INS preliminary interview that he would do work of national importance only if it does not contravene his interpretation of God's law. The Government also argues that petitioner cannot establish that he supports the Constitution and laws of the United States because he stated at the preliminary interview that he would obey only those laws which do not contravene God's law. Finally, it is the Government's position that petitioner cannot show an attachment to the principles of the United States Constitution because he stated at the preliminary interview that he will not vote, sit on a jury or directly participate in government.

Petitioner testified at the naturalization hearing and also submitted an affidavit in support of his response to the Government's recommendation. Petitioner testified that he is now willing to take the

qualified oath of allegiance without reservation.

## FINDINGS OF FACT

1. Petitioner is a citizen of Spain and has been a lawful permanent resident of the United States since 1973.

2. Petitioner is an active member of the North Corvallis Congregation of Jehovah's Witnesses. He has been a Witness since 1978.

3. As a Jehovah Witness, petitioner believes that God expects him to be a good citizen and that it is a requirement of Christianity that he obey the authority of the Government.

4. Petitioner is willing to register to vote, to aspire to be informed of current issues and to vote in various elections.

5. Petitioner is willing to report for jury duty and to serve on a jury if he is qualified. If asked in voir dire, petitioner will acknowledge that he cannot judge the guilt or innocence of an individual. For that reason, petitioner cannot say whether he will actually sit on a criminal jury.

6. Petitioner is willing to obey the laws of the United States. Although it is conceivable that there could be a law which conflicts with his belief of God's law, he is unaware of any current law which creates such a conflict.

7. Petitioner supports the Constitution of the United States and believes in a democratic form of government.

8. Petitioner is willing to do work of national importance under civilian direction. He will not do such work, however, if it involves the manufacturing of munitions. Petitioner does not object to any civilian work which directly aids the health and welfare of soldiers even though it may indirectly aid a war effort. Ultimately, when faced with the decision whether to do particular civilian work, petitioner will let his conscience be his guide.

## CONCLUSIONS OF LAW

1. Petitioner, by reason of his religious training and belief cannot take the full oath of allegiance set forth in 8 U.S.C. § 1448(a).

2. Petitioner's religious belief that he cannot judge the guilt or innocence of an individual does not prevent petitioner from demonstrating an attachment to the Constitution and the government of the United States. *See In Re De Bellis*, 493 F.Supp. 534, 535 n. 1 (E.D.Pa.1980); *In Re Petition of Battle*, 379 F.Supp. 334 (E.D.N.Y.1974); *In Re Pisciattano*, 308 F.Supp. 818 (D.Conn.1970); *c.f., In Re Petition of Matz*, 296 F.Supp. 927 (N.D.Cal.1969).

3. Petitioner has expressed his intention to abide by the laws of the United States. He has established his attachment to the Constitution and the laws of the United States. His religious beliefs support his statement that he intends to be a law abiding citizen and a good samaritan.

4. Petitioner can take the qualified oath of allegiance set forth in 8 U.S.C. § 1448(a)(5)(C), in regard to work of national importance, without mental reservation. Although petitioner candidly stated that he would only do work of national importance which he could do in good conscience, I conclude that this is not such a condition on the oath as to amount to a mental reservation. Petitioner testified that he would do work of national importance even if it indirectly aided a war effort. The only type of work petitioner could identify he would be unwilling to do is the manufacture of munitions. Since it is undisputed that petitioner, due to his religious beliefs and training, is opposed to military service, I do not believe it appropriate to deny him citizenship on the basis of his refusal to manufacture munitions. This is especially true in light of petitioner's willingness to take the qualified oath to do work of national importance without condition.

Based on the foregoing, Petitioner FERNANDO DEL OLMO's petition for citizenship is GRANTED.