### Petition for Naturalization of Christo Vassileff PETCHEFF.

United States District Court
S. D. New York.
June 27, 1956.

Simon S. Nessim, New York City, for petitioner.

Morris Rifkin, Naturalization Examiner, Department of Justice, Immigration and Naturalization Service, New York City, for respondent.

LEVET, District Judge.

The sole question involved in this application is whether or not the petitioner has established good moral character during the period required by law, that is, since September 10, 1949.

Although a previous petition was denied by this Court on September 23, 1953, Petition of Petcheff, D.C.S.D.N.Y., 114 F.Supp. 764, 765, when the Court stated that in its opinion it appeared that "petitioner does not intend to reside permanently in the United States and did not so intend on December 26th, 1951, when he filed his petition for naturalization", the examiner under the present application, filed September 10, 1954, concluded that no evidence has been established in contradiction of the intention of petitioner to reside permanently in the United States.

Objection is made by the examiner upon the ground that petitioner has not established good moral character. The only basis for such a contention relates to facts involved in connection with the petitioner's institution of certain litigation entitled Petcheff v. Christo Petcheff, S.A., Sup., 129 N.Y.S.2d 677, in the Supreme Court, Kings County, New York, and in an appeal from a decision of the Supreme Court, Kings County, New York, which was determined in the New York Supreme Court, Appellate Division, Second Department, see 286 App.Div. 1099, 145 N.Y.S.2d 694, 695.

This Court has reviewed the record and exhibits involved in the said action and in the said appeal. Although due consideration has been given to the opinion of the Supreme Court, Kings County, the opinion of the Appellate Division, Second Department, affirming the order made below in the Supreme Court, contains no conclusion asserting fraud or unconscionable acts on the part of plaintiff (the petitioner herein). This appellate opinion concluded: "In our opinion, the record indicates that defendant did not have legal or equitable title to the fund at the time of the attachment." There is nothing in this record which definitely establishes immoral character on the part of the present petitioner. The litigation basically established the conclusion that the plaintiff in said action was not entitled to attach the fund involved. The underlying facts of this law suit occurred years before in Bulgaria. To predicate immoral character upon this record is to condemn without sufficient proof, particularly in the light of the fact that two witnesses testified to the good reputation and apparent character of the petitioner.

To conclude: (1) Immoral character and the existence of the same within the period of five years immediately preceding the date of the filing of the petition has not been established; (2) Under the circumstances I hold that the petitioner has good moral character; and (3) That petitioner is entitled to admission to citizenship.

Therefore, this petition to admit is granted.

The foregoing constitutes the court's findings of fact and conclusions of law.

So ordered.